UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EMMANUAL OHAI, | ) |
| | ) CASE NUMBER 12-65475-WLH |
| Debtor | ) |
| ------------------------------- | ) CHAPTER 7 |
| | ) |
| EMMANUAL OHAI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) ADVERSARY PROCEEDING FILE |
| vs. | ) |
| | ) NUMBER 23-5041 |
| DELTA COMMUNITY CREDIT UNION, | ) |
| PNC NATIONAL ASSOCIATION, INC., | ) |
| DEAN ENGLE, PARK TREE | ) |
| INVESTMENTS, L.L.C., PARK TREE | ) |
| 20 INVESTMENTS, L.L.C., | ) |
| FCI LENDER SERVICES, INC., | ) |
| DANIEL I. SINGER, SINGER LAW | ) |
| GROUP, PHILLIP L. JAUREGUI, | ) |
| MICHAEL W. LINDSEY, dba JAUREGUI | ) |
| & LINDSEY, L.L.C. and | ) |
| MICROBILT CORPORATION, | ) |
| | ) |
| Defendants. | ) |

## MOTION TO DISMISS

COME NOW Dean Engle ("Defendant Engle"), Park Tree Investments, L.L.C. ("Defendant Park Tree"), Park Tree 20 Investments, L.L.C. (which is an incorrect name or misnomer) ("Defendant Park Tree 20"), FCI Lender Services, Inc. ("Defendant FCI"), Phillip L. Jauregui ("Defendant Jauregui"), Michael W. Lindsey dba Jauregui & Lindsey, L.L.C. ("Defendant Lindsey"), all of the above being co-Defendants in the above-

styled civil action (and hereinafter sometimes being jointly referred to as the "Dismissal Defendants"), and hereby file their Motion to Dismiss and show this honorable Court in support thereof as follows:

Under Fed. R. Civ. P. 12(b), for a motion to dismiss to be granted, Plaintiff's complaint factually accepted as correct must evidence that there is no set of facts entitling him to relief authorizing the court to dismiss a complaint on the basis of a dispositive issue of law. Brown v. Crawford County, 960 F. 2d 1002 (11th Cir. 1992) *citing* Executive 100, Inc. v. Martin County, 922 F. 2d 1536 (11th Cir. 1991) and Neitzke v. Williams, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). The Court, however, is not required to accept as true bare legal assertions supported by mere conclusory statements. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937 (2009) as cited by Graveling v. Castle Mortgage Co., 11th Cir. No. 14-15198. To survive a motion to dismiss, a complaint must offer more than naked assertions that the defendant acted unlawfully or a formulaic recitation of the elements of a cause of action. Id. A complaint must contain sufficient factual allegations that, accepted as true, state a plausible claim for relief. Id. This is also true for *pro se* pleadings, although such pleadings are held to a less stringent standard than pleadings prepared by lawyers and are construed liberally (although the pleadings at

hand seem suspiciously lawyer-like). Campbell v. Air Jam, Ltd., 760 F. 3d 1165 (11th Cir. 2014). However, "this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading." Id. At 1168-1169.

    I.    CHAPTER 7 BANKRUPTCY CASE IS CLOSED AND NO MOTION TO REOPEN HAS BEEN FILED.

The Code section controlling the issue of whether the applicable bankruptcy case should be opened is 11 U.S.C. § 350(b), which states that a "case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, of for other cause." However, no motion to reopen the applicable Chapter 7 case has been filed in this matter. The Chapter 7 case was filed on June 20, 2012, and an Order Discharging Debtor and Closing Estate was entered on October 5, 2012. Until the Chapter 7 case is reopened, it is improper and not warranted in the interests of justice for this adversary proceeding to be filed and pursued. Hargon v. Ocwen Loan Servicing, L.L.C. (In Re Hargon), 581 B.R. 911 (Bankr. N.D. Ga. 2018).

Interestingly, the Debtor already filed a lawsuit (File No. 1:20-CV-2220 in the U.S. District Court for the Northern District of Georgia, Atlanta Division) making similar arguments about the defendants being in violation of the discharge stay. In fact,

the Debtor sought to have the foreclosure sale scheduled under state law against his property enjoined partially arguing it would be a violation of the discharge stay, but such request for injunction was specifically denied by Judge Steve Jones by Order dated April 5, 2021. The following will address the general legal arguments in further support of dismissing the Complaint against the Dismissal Defendants.

### a. Secured Loan Still Enforceable After Discharge

A surviving mortgage interest corresponds to an "enforceable obligation" of the debtor. *See* 11 U.S.C. § 522(c)(2); Long v. Bullard, 117 U.S. 617, 6 S. Ct. 917, 29 L. Ed. 1004 (1886). Even after the debtor's personal obligations have been extinguished, the creditor still retains a "right to payment" in the form of its right to the proceeds from the sale of the debtor's property. Johnson v. Home State Bank, 501 U.S. 78, 111 S. Ct. 2150, 115 L. Ed. 2d 66 (1991). Alternatively, the creditor's surviving right to foreclose on the mortgage can be viewed as a "right to an equitable remedy" for the debtor's default on the underlying obligation. Id. Thus, a bankruptcy discharge extinguishes only one mode of enforcing a claim — an *in personam* action — while leaving intact another — an *in rem* action. Id. No *in personam* action has been pursued by the Dismissal Defendants; consequently, they should be dismissed as a matter of law.

b. Statute of Limitations Has Not Expired

Pursuant to O.C.G.A. § 9-3-24, Georgia law permits breach of contract actions with regard to simple contracts in writing to be brought within "six years after the same become due and payable". *See also* Baker v. Brannen/Goddard Co., 274 Ga. 745, 559 S.E. 2d 450 (2002). Furthermore and pursuant to O.C.G.A. § 9-3-23, Georgia law provides that "[a]ctions upon bonds or other instruments **under seal** shall be brought within 20 years after the right of action has accrued. …" (Emphasis added.) *See also* McCalla v. Stuckey, 233 Ga. App. 397, 504 S.E. 2d 269 (1998). For promissory notes and security deeds, Georgia law is clear that the cause of action accrues at the maturity of the promissory note and security deed, unless maturity was in fact accelerated. Wall v. C&S Bank of Houston County, 247 Ga. 216, 274 S.E. 2d 486 (1981) *cited in* Little Sky, Inc. v. Rybka, 264 Ga. App. 744, 592 S.E. 2d 154 (2003).

The document attached to the District Court Complaint as Appendix A-1 is the Note and Disclosure Statement (the "Promissory Note") is the document at issue in this lawsuit along with the applicable security deed, although the Debtor appears to have conveniently not included a copy of those documents in this matter. The maturity date in the Promissory Note at Paragraph 3 is March 15, 2023, which only recently occurred so there is no statute of limitation issue. Paragraph

4(B) then requires notice of default in writing and Paragraph 4(C) allows the Note Holder to accelerate maturity after such written notice, although the acceleration is not automatic upon default and even if the Note Holder "does not require me (Plaintiff) to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later date." There is no allegation that maturity was accelerated other than Plaintiff previously claiming that he has not paid anything since 2012 on this loan (thereby admitting default); however, being in default is not enough to accelerate without the Note Holder actually providing written notice of default and then accelerating the maturity. At a minimum, such acceleration did not happen back in 2011 or 2012 and there are no factual allegations in the complaint supporting that an acceleration occurred at that time. Simply stated, acceleration did not happen in this case, at least not outside the minimum six years statute of limitation and certainly within the 20-year statute of limitation.

The Georgia Court of Appeals has explicitly stated, once a prima facie case of breach of contract has been shown or admitted as the Plaintiff has done in this case by admitting he has not paid anything on this debt for at least ten years, a defendant (Plaintiff herein) must set forth specific facts as to why the debt is not owed. See Ambrose v. E.F. Hutton & Co.,

Inc., 146 Ga. App. 403, 246 S.E. 2d 423 (1978) and Wickes Lumber v. Energy Efficient Homes, Inc., 157 Ga. App. 303, 277 S.E. 2d 298 (1981). Without setting forth specific factual allegations as to why he does not owe the debt (at least with respect to any in rem action as explained below), there is no genuine issue and the creditor is entitled to a judgment as a matter of law in its favor. Id. Here, the Plaintiff has not provided any allegation whatsoever to show he does not owe the debt, except that it was discharged. However, a discharge does not extinguish the obligations under the security deed once again as addressed above.

It is also well settled in Georgia that the "test to determine when a cause of action accrues is to ascertain the time when the plaintiff could first have maintained his or her action to a successful result." Lesser v. Doughtie, 300 Ga. App. 805, 686 S.E. 2d 416 (2009)(citations omitted); Wallace v. Bock, 279 Ga. 744, 620 S.E. 2d 820 (2005) *citing* U-Haul Co. of Western Georgia v. Abreu & Robeson Inc, 247 Ga 565, 277 S.E. 497 (1981). *See also* Walker v. Gwinnett Hospital System, Inc., 263 Ga. App. 554, 588 S.E. 2d 441 (2003). Here, the plain language of the Promissory Note provides a maturity date of March 15, 2023, which has not been accelerated (or at least not outside the last six years or 20 years depending on which statute of limitations

applies). Consequently, the Dismissal Defendants should be dismissed as a matter of law.

II. PERMISSIVE ABSTENTION.

"Permissive abstention permits a bankruptcy court to abstain from hearing a particular proceeding 'arising under,' 'arising in' or 'related to' a case under Title 11." McDaniel v. ABN Amro Mortgage Grp., 364 B.R. 644, 649 (S.D. Ohio 2007). "The court may abstain upon request of a party or sua sponte." Carver v. Carver, 954 F.2d 1573, 1579 (11th Cir. 1992); *accord* Bricker v. Martin, 348 B.R. 28, 33 (W.D. Pa. 2006) aff'd, 265 F. App'x 141 (3d Cir. 2008).

Courts employ a multifactor test to determine whether abstention is appropriate. The factors used by the 11th Circuit are:

(1) the effect, or lack thereof, on the efficient administration of the bankruptcy estate if the discretionary abstention is exercised,

(2) the extent to which state law issues predominate over bankruptcy issues,

(3) the difficulty or unsettled nature of the applicable state law,

(4) the presence of related proceedings commenced in state court or other non-bankruptcy courts,

(5) the jurisdictional basis, if any, other than § 1334,

- 8 -

(6) the degree of relatedness or remoteness of the proceedings to the main bankruptcy case,

(7) the substance rather than the form of an asserted "core" proceeding,

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court,

(9) the burden on the bankruptcy court's docket,

(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties,

(11) the existence of a right to jury trial, and

(12) the presence in the proceeding of non-debtor parties.

Ret. Sys. of Alabama v. J.P. Morgan Chase & Co., 285 B.R. 519, 530-31 (M.D. Ala. 2002) (citing Cassidy v. Wyeth-Ayerst Labs. Div. of Am. Home Products Corp., 42 F. Supp. 2d 1260, 1263 (M.D. Ala. 1999)); see also Official Unsecured Creditors' Comm. of Hearthside Baking Co., Inc. v. Cohen (In re Hearthside Baking Co., Inc.), 391 B.R. 807, 817 (Bankr. N.D. Ill. 2008).

These factors are non-exclusive, and "what these factors seek to do is implement the function and purpose served by abstention under § 1334(c)(1): in deference to federalism, ensure that the jurisdiction of the bankruptcy court is exercised only when appropriate to the expeditious disposition

of bankruptcy cases." Graham v. Yoder Machinery Sales (In re Weldon F. Stump & Co.), 373 B.R. 823, 828 (Bankr. N.D. Ohio 2007) (citation omitted). This matter is definitely not one that is expeditious to the disposition of Mr. Ohai's bankruptcy case, which has been closed for over 10 years now. Additionally, the majority of the above cited factors weigh in favor of this Court not re-opening Mr. Ohai's bankruptcy case. Consequently, this Court should not exercise jurisdiction in this matter against the Dismissal Defendants and should dismiss this adversary proceeding.

### III. THE DISMISSAL DEFENDANTS HAVE NOT BEEN PROPERLY SERVED.

Fed. R. Civ. P. Rule 4, made applicable hereto by Fed. R. Bkr. P. Rule 7004, addresses service on defendants, and none of the Dismissal Defendants have been properly served. Defendant Engle has not been served. Defendant Park Tree has not been served. Defendant Park Tree 20 has been improperly named has not been validly served; instead, a registered agent for a different company (Park Tree Properties 20, L.L.C.) was served. Defendant FCI has not been served. Defendant Jauregui and Defendant Lindsey have not been properly served, although the Debtor had the undersigned counsel personally served who did not represent them at the time and had no authority to accept or receive service on their behalf. None of the Dismissal Defendants have

been properly served and they should all be dismissed. The Dismissal Defendants also do not consent to the entry of final orders or judgment by the bankruptcy court.

WHEREFORE, the Dismissal Defendants pray that this honorable Court dismiss this case against them as a matter of law.

Respectfully submitted this 20TH day of April, 2023.

JOHNSON LEGAL OFFICES, L.L.C.

By: _____
Larry W. Johnson
Georgia Bar No. 394895
Attorney for Dismissal Defendants

138 Hammond Drive, Suite B
Atlanta, GA 30328
Telephone: (404) 486-2361
Facsimile: (404) 393-0826
Email: LJohnson@SuretyBondsAgency.com
ParkTreeOhaiAdvDismissMotion01

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing MOTION TO DISMISS was served upon all parties electronically via the Court's system if filed, plus the following who was also served by mailing same by United States First Class Mail or better in a properly addressed envelope with adequate postage affixed thereon to ensure delivery, addressed as follows:

>Mr. Emmanual Ohai
>863 Flat Shoals Road, SE
>Suite C #155
>Conyers, GA  30094

This 20TH day of April, 2023.

/s/ Larry W. Johnson
Larry W. Johnson
Attorney for Dismissal Defendants

JOHNSON LEGAL OFFICES, L.L.C.
138 Hammond Drive, Suite B
Atlanta, GA 30328
Telephone: (404) 486-2361
Facsimile: (404) 393-0826
Email: LJohnson@SuretyBondsAgency.com