IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 12-65475-WLH |
| | ) | |
| EMMANUEL O. OHAI | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| EMMANUEL O. OHAI, | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Pro. No. 23-5041-WLH |
| | ) | |
| v. | ) | |
| | ) | |
| DELTA COMMUNITY CREDIT UNION, | ) | |
| PNC BANK NATIONAL ASSOCIATION, | ) | |
| INC., DEAN ENGLE & PARK TREE | ) | |
| INVESTMENTS, LLC, PARK TREE 20 | ) | |
| INVESTMENTS, LLC, FCI LENDER | ) | |
| SERVICES, INC. DANIEL I. SINGER & | ) | |
| SINGER LAW GROUP, LLC, PHILLIP | ) | |
| L. JAUREGUI, MICHAEL W. LINDSEY | ) | |
| dba JAUREGUI & LINDSEY, LLC, | ) | |
| MICROBILT CORPORATION | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure and Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Delta Community Credit Union ("Delta") files its Motion to Dismiss Plaintiff's Adversary Complaint (the "Complaint") [Doc. 1], and respectfully shows this Honorable Court as Follows:

### I.     INTRODUCTION

Plaintiff Emmanuel Ohai's ("Plaintiff") claims against Delta arise out of Delta's alleged violations of the automatic stay under 11 U.S.C. § 362 and the discharge injunction under 11

U.S.C. § 524(a). However, the Complaint fails to state a viable claim against Delta and therefore should be dismissed.

First, the Court should decline to reopen the underlying bankruptcy and should dismiss the Complaint. Plaintiff filed his personal, Chapter 7 bankruptcy on June 20, 2012 and received a discharge on October 5, 2012, Case No. 12-65475-WLH (the "Bankruptcy"). [Complaint, Doc. 1, ¶ 66]. The Bankruptcy was closed on October 5, 2012. [Bankruptcy, Doc. 14]. The factors in considering whether to reopen a bankruptcy weigh heavily against reopening the Bankruptcy, including the length of time that the case was closed, the prejudice Delta would suffer if the Court reopens the Bankruptcy, and given it is clear that no relief will be forthcoming to Plaintiff if the Bankruptcy is reopened. Plaintiff has failed to meet his burden to show cause that the Bankruptcy should be reopened and thus the Court should decline to do so and should dismiss the Complaint.

Second, Plaintiff's claims against Delta are barred by the doctrine of laches. Plaintiff admits he received the letter dated September 14, 2012 from Delta that is the sole basis for his claim for violation of the automatic stay during the pendency of the bankruptcy. [Complaint, Doc. 1, ¶¶ 32, 66]. Yet, he filed the Complaint on March 29, 2023, *over ten years after his bankruptcy discharge*. His only allegation as to Delta that it violated the discharge injunction appears to be that he learned that Delta sold the Notes in a letter dated May 23, 2017, *nearly six years before he filed the Complaint*. [*Id.*, at ¶ 94]. Based on Plaintiff's unjustified and unreasonable delay in pursuing his rights and the prejudice caused by the delay to Delta, Plaintiff's claims against Delta should be dismissed.

Third, Plaintiff's claim for violation of the automatic stay against Delta fails because it is based solely on the September 14, 2012, letter from Delta suspending Plaintiff's services at Delta,

2

and such communication does not constitute an act to "collect, assess, or recover a claim against [Plaintiff]" or any other violation of the automatic stay under 11 U.S.C. § 362.

Fourth, Plaintiff's claim for violation of the discharge injunction fails because the Complaint lacks any allegation against Delta that it attempted to collect on any discharged debt.

For the reasons set forth below, all of Plaintiff's claims against Delta fail as a matter of law and the Court should dismiss the Complaint in its entirety as to Delta.

## II.     ARGUMENT AND CITATIONS OF AUTHORITY

### A.     The Court should decline to reopen the Bankruptcy.

As a preliminary matter, Plaintiff did not move to reopen the Bankruptcy prior to filing the Complaint. *See* Fed. R. Bankr. P. 5010 ("[a] case may be reopened *on motion of the debtor* or other party in interest . . ." (emphasis added)). While courts have held that reopening a bankruptcy case is not a jurisdictional requirement,[1] the court may only reopen a case "to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). The decision to reopen a case is discretionary, and "[t]he question of whether to reopen 'depends upon the circumstances of the individual case." *In re Env't Wood Prod., Inc.*, 609 B.R. 901, 912 (Bankr. S.D. Ga. 2019) (citing *In re Pinks*, 531 B.R. 114, 117 (Bankr. D.S.C. 2015)). The party seeking to reopen the bankruptcy case has the burden of establishing that it should be reopened. *Id.* To consider whether to reopen a case, the bankruptcy court may consider numerous factors including: "(1) the length of time that the case was closed; . . . (4) whether any parties would suffer prejudice should the court grant or deny the motion to reopen; (5) the extent of the benefit to any party by reopening; and (6) whether it is clear at the outset that no relief would be forthcoming if the motion to reopen is granted." *Id.* (citing *In re Kim*, 566 B.R. 9, 12 (Bankr. S.D.N.Y. 2017)).  Here, the factors weigh heavily in favor of declining to

---

[1] *See, e.g., In re Aiello*, 231 B.R. 693, 707 (Bankr. N.D. Ill. 1999).

3

reopen the Bankruptcy and the Court should exercise its discretion to decline to reopen the Bankruptcy.

The Bankruptcy was filed on June 20, 2012, with the discharge granted on October 5, 2012. [Complaint, Doc. 1, ¶ 66]. *Over ten years* has elapsed between the closing of the Bankruptcy and the filing of Plaintiff's Complaint. This lengthy amount of time the Bankruptcy was closed weighs heavily against reopening the Bankruptcy. *See In re Env't Wood Prod., Inc.*, 609 B.R. at 913 (declining to reopen the bankruptcy case where nearly eight years elapsed between the closing of the case and the filing of the motion to reopen, finding that "[a]s the time between closing of the estate and its reopening increases, so must also the cause for reopening increase in weight.").

Moreover, reopening the case and permitting the Adversary Proceeding to proceed would cause substantial prejudice to Delta. At issue in Plaintiff's claims is a letter dated September 14, 2012 and the alleged sale of Delta's loans which Plaintiff first allegedly discovery on May 23, 2017. [Complaint, Doc. 1, ¶¶ 66, 94]. Reopening the Bankruptcy will force Delta to defend against clearly baseless claims, which will require discovery of evidence over a decade old, including from employees that may no longer be employed by Delta. In contrast, Plaintiff will not be prejudiced if the Bankruptcy is not reopened. Plaintiff has been aware of the letter since September 14, 2012, and that Delta allegedly sold the loans since at least May 23, 2017. [*Id.*]. Plaintiff provides no explanation or justification in his substantial delay. Plaintiff's unexcused delay should not be to the prejudice of Delta.

It is also clear at the outset that no relief will be forthcoming if the Bankruptcy is reopened. As detailed below, Plaintiff's claims should be dismissed for a failure to state a claim. The September 14, 2012, letter from Delta suspending Plaintiff's services at Delta does not constitute an act to collect, assess, or recover a claim against Plaintiff in violation of the automatic stay

4

pursuant to 11 U.S.C. § 362. Additionally, Plaintiff's claim for violation of the discharge injunction fails as the Complaint lacks any allegation that Delta attempted to collect, recover or offset any debt as a personal liability of Plaintiff.

Based on the foregoing, Plaintiff has failed to carry his burden of showing sufficient cause to reopen the Bankruptcy and thus the Court should decline to reopen the bankruptcy and should dismiss the Complaint.

**B.  Plaintiff's claims are barred by the doctrine of laches.**

"[W]hile delay alone does not automatically constitute laches, if a plaintiff's delay (1) is unreasonable and unexplained and (2) has disadvantaged the defendant, laches may apply. *Heghmann v. Hafiani*, No. 21-12650, 2022 WL 14803783, at *5 n.12 (11th Cir. Oct. 26, 2022) (citing *Thornton v. First State Bank of Joplin*, 4 F.3d 650, 653 (8th Cir. 1993) (upholding application of the doctrine where the debtor waited four years after discovering the violation and two years after bankruptcy proceedings concluded to file his complaint, without explanation for the delay)); *see also In re Logan*, 144 B.R. 538, 539 (Bankr. W.D. Okla. 1992) (dismissing complaint with prejudice and barring debtors' actions from asserting that defendant violated the discharge injunction under the doctrine of laches where debtors had knowledge of the claim for at least four years). "The longer the delay, the more prejudice is presumed." *In re Logan*, 144 B.R. at 539.

Again, Plaintiff was aware of the letter from Delta that allegedly violated the automatic stay since September 14, 2012. [Complaint, Doc. 1, ¶ 66]. Plaintiff was also aware of the alleged sale of Delta's loans since at least May 23, 2017. [*Id.*, at ¶ 94]. Plaintiff waited over a decade upon discovering the alleged violation of the automatic stay and nearly six years upon discovering the alleged violation of the discharge injunction before filing the Complaint and provides *no*

5

*explanation for the delay*. Given the unreasonable length of delay, prejudice is presumed and Plaintiff's claims should be barred. Moreover, if the claims are permitted to proceed Delta will be prejudiced as it will be forced to defend against clearly baseless claims, which will require discovery of evidence over a decade old, including from employees that may no longer be employed by Delta. Based on Plaintiff's unreasonable and unexcused delay, the Complaint should be dismissed with prejudice as to Delta.

C. **Plaintiff's claims fail to state a claim and should be dismissed.**

Pursuant to Federal Rule of Bankruptcy Procedure 7012, which incorporates Federal Rule of Civil Procedure 12(b)(6), an action may be dismissed where the complaint fails to state a claim on which relief can be granted. A complaint should be dismissed under Rule 12(b)(6) only where it appears beyond doubt that no set of facts could support the plaintiff's claims for relief. *U.S. ex rel. Clausen v. Lab. Corp. of Am.*, 198 F.R.D. 560, 561 (N.D. Ga. 2000), *aff'd*, 290 F.3d 1301 (11th Cir. 2002). While a *pro se* complaint is held to a less stringent standard than a formal pleading drafted by a lawyer, "the Court need not accept as true legal conclusions or unwarranted factual inferences." *Griggs v. USAA Cas. Ins. Co.*, 263 F. Supp. 3d 1375, 1379 (N.D. Ga. 2017) (quotation and citation omitted).

   1. **Plaintiff's claim for Violations of the Automatic Stay (First Violations Claim) fails as a matter of law.**

Pursuant to 11 U.S.C. § 362, the filing of a Chapter 7 bankruptcy petition operates as an automatic stay of "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title". "Although broad in scope, the automatic stay does not prohibit all communications from a creditor to a debtor." *Robinson v. Santander Consumer USA Inc.*, No. 111CV00230CAPLTW, 2011 WL 13319344, at *5 (N.D. Ga. July 25, 2011) (*In re Knowles*, 442 B.R. 150, 160 (B.A.P. 1st Cir. 2011)). Prohibited communications includes those

6

where "the creditor's actions were geared toward collection of a prepetition debt, were accompanied by coercion or harassment, or otherwise put pressure on the debtor to pay." *Id.* (citing *In re Zotow*, 432 B.R. 252, 258 (B.A.P. 9th Cir. 2010)). Statements simply providing information to the debtor are permissible communications that do not violate the automatic stay. *Id.*; *see also Messick v. Ascend Fed. Credit Union*, 424 B.R. 344, 346 (E.D. Tenn. 2010) (affirming bankruptcy court's denial of debtors' motion for contempt based on informative letters).

In *Messick*, the debtors appealed the bankruptcy court's denial of their motion for contempt based on the debtor credit union's letters to the debtors during the stay period informing the debtors that credit union members who caused a loss are subject to revocation of their member privileges. *Messick*, 424 B.R. at 346. In a letter to one of the debtors, the credit union stated:

> Credit union policy states that any member causing the credit union to incur a financial loss will no longer be eligible for any credit union services, with the exception of a share loss account which limits withdrawals to only one per quarter.
>
> Our records indicate that you caused such a loss, and as a result, you are no longer eligible for Star, ATM cards, safe deposit box rental, payroll deduction, direct deposit, credit cards, draft accounts, or any other credit union service. In addition, any lines of credit you had have been removed.
>
> If you have a share draft account, it will be closed on October 11, 2008, and any drafts presented for payment after that date will be returned marked "Account Closed."

*Id.* at 348. A second letter had the same first paragraph but also stated that the debtor must remove herself as the joint owner to allow the accounts to remain active, or else they would convert into share loss accounts. *Id.* The court found that the letters did not violate the automatic stay based on the following findings:

> There was simply nothing in these informational letters that would have any impact on Appellants' decision to repay the debt. The letters do not reference debt or repayment and do not threaten any action other than the conversion of checking accounts to share loss accounts. Furthermore, [credit union's] action in sending the letters would appear fair to a reasonable person because these were standard letters,

7

> sent to members causing a loss pursuant to its standard procedure, and were not sent exclusively to members who caused a loss in bankruptcy. (Court Doc. 1–17.) The letters were sent to any member who caused a loss through any means, and they contain very basic information about Ascend's standard policy. There is no indication that Ascend was acting differently or unfairly towards Appellants because of their bankruptcy petition.

*Id.* at 350. There was also no language in the letters "indicating that [debtors] had an affirmative duty to respond or face a consequence such as forfeiture of the money in these accounts."

Similarly, here, the September 14, 2012 letter from Delta advised Plaintiff that it is suspending services based on its "policy to suspend services to any member when a loss *exists* on their account." [Complaint, Exh. H, Doc. 1, p. 155 (emphasis in original)]. The letter does not indicate that Plaintiff had any duty to respond or reaffirm debt. It also does not seek to collect any prepetition debt or otherwise attempt to coerce, harass or put pressure on Plaintiff to pay Delta any amount. The letter is thus informational in nature and does not violate the automatic stay. Given that the letter is the sole basis for Plaintiff's claim for violation of the automatic stay, the claim fails as a matter of law and should be dismissed.

  **2. Plaintiff's claim for Violations of § 524(a) of the Bankruptcy Code (Second Violations Claim) fails as a matter of law.**

Pursuant to 11 U.S.C. § 524(a), a discharge in a bankruptcy case "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor . . ." While Section 524(a) makes clear that personal liability is discharged when an individual receives a Chapter 7 discharge, "it is equally clear that a Chapter 7 discharge does not avoid or otherwise affect a lien against property of the debtor." *In re Lett*, No. 10-61451-BEM, 2021 WL 4256375, at *4 (Bankr. N.D. Ga. Sept. 8, 2021) (citing *Sellers v. Rushmore Loan Mgmt Servs., LLC*, 941 F.3d 1031, 1035 (11th Cir. 2019); *In re Mele*, 486 B.R. 546, 555 (Bankr. N.D. Ga. 2013)). Furthermore, 11 U.S.C.

8

§ 524(f) expressly provides that a debtor may voluntarily repay any discharged debt. The test for violation of the discharge injunction is "whether the objective effect of the creditor's action is to pressure a debtor to repay a discharged debt." *In re Lett*, 2021 WL 4256375, at *4 (citing *In re Roth*, 935 F.3d 1270, 1276 (11th Cir. 2019)).

Here, the Complaint does not allege any action by Delta to collect, recover, or offset any debt as a personally liability of Plaintiff. Plaintiff alleges that "even though both loans to Delta were discharged by this Court's Order in October 2012, Delta decided the way around not being able to recoup the amount for the loans, was to sell the Notes to unsuspecting debt buyers." [Complaint, Doc. 1, ¶ 93]. Plaintiff further alleges that "[a] letter dated May 23, 2017 was sent to Plaintiff showing the discharged debt had been sold Defendant Park Tree Investments, LLC, at direction of Dean Engle; the loan went on to sale numerous times, each buyer, aware that there had been a Chapter 7 discharge, yet attempted to collect the debt." [*Id.*, at ¶ 94]. These two vague allegations appear to be the full extent of the post-discharge actions that Plaintiff alleges Delta took in violation of the discharge injunction. At best, Plaintiff alleges that Delta sold the loans and that other "debt buyers" attempted to collect on the debt. As the Complaint lacks any allegation that Delta attempted to collect, recover or offset any debt as a personal liability of Plaintiff, Plaintiff's claim for violation of the discharge injunction fails and should be dismissed.

### III.    CONCLUSION

For the reasons set forth above, Delta respectfully requests that the Motion be granted, that the Court decline to reopen the Bankruptcy, and that the Complaint be dismissed in its entirety as to Delta.

This the 8th day of May, 2023.

9

                Respectfully submitted,

                BERMAN FINK VAN HORN P.C.

                */s/ Charles H. Van Horn*
                Charles H. Van Horn
                Georgia Bar No. 724710
                E-mail: cvanhorn@bfvlaw.com
                Daniel H. Park
                Georgia Bar No. 930188
                E-mail: dpark@bfvlaw.com
                Carson L. Modrall
                Georgia Bar No. 451366
                cmodrall@bfvlaw.com

3475 Piedmont Road, N.E.       COUNSEL FOR DEFENDANT
Suite 1640       DELTA COMMUNITY CREDIT UNION
Atlanta, Georgia 30305
Telephone: (404) 261-7711

10

## CERTIFICATE OF SERVICE

I certify that, on May 8, 2023, I electronically filed the foregoing **MOTION TO DISMISS PLAINTIFF'S COMPLAINT** with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following:

>Larry W. Johnson, Esq.
>Johnson Legal Offices, L.L.C.
>138 Hammond Drive, Suite B
>Atlanta, Georgia 30328
>ljohnson@suretybondsagency.com
>*Counsel for Defendants Dean Engle, FCI Lender Services, Inc. and Phillip L. Jauregui, Michael W. Lindsey dba Jauregui & Lindsey, L.L.C. Park Tree Investments, L.L.C., and Park Tree 20 Investments, L.L.C.*

Additionally, on May 8, 2023, I served a copy of the foregoing **MOTION TO DISMISS PLAINTIFF'S COMPLAINT** via UPS on the following party:

>Emmanuel Ohai
>863 Flat Shoals Rd. SE
>Suite C #155
>Conyers, GA 30094
>*Plaintiff, Pro Se*

>BERMAN FINK VAN HORN P.C.
>
>By:   */s/ Charles H. Van Horn*
>      Charles H. Van Horn
>      Georgia Bar No: 724710

11