IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re<br>EMMANUAL OHAI,<br><br>　　　　　Debtor. | Case No. 12-65475-WLH<br>(Chapter 7) |
| EMMANUAL OHAI,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>DELTA COMMUNITY CREDIT UNION,<br>PNC BANK NATIONAL ASSOCIATION, INC.,<br>DEAN ENGLE & PARK TREE INVESTMENTS, LLC,<br>PARK TREE 20 INVESTMENTS,<br>FCI LENDER SERVICES, INC.,<br>DANIEL I. SINGER & SINGER LAW GROUP, LLC,<br>PHILLIP L. JAUREGUI, MICHAEL W. LINDSAY d/b/a JAUREGUI & LINDSEY, LLC, and<br>MICROBILT CORPORATION,<br><br>　　　　　Defendant. | Adversary Proceeding No. 23-5041 |

**DEFENDANT PNC BANK, N.A.'S MOTION TO DISMISS PLAINTIFF'S
ADVERSARY COMPLAINT AND SUPPORTING MEMORANDUM OF
<u>LAW AND JOINDER TO DEFENDANTS' MOTION TO DISMISS</u>**

Defendant PNC Bank, N.A. ("PNC"), through undersigned counsel, respectfully submits this Motion to Dismiss Plaintiff's Adversary Complaint (the "Adversary Complaint") (Dkt. No. 1) for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). PNC hereby joins and adopts Defendants Dean Engle, Park Tree Investments, LLC, Park Tree 20 Investments, LLC, FCI Lender Services, Inc., Phillip L. Jauregui, Michael W. Lindsey d/b/a Jauregui & Lindsey, LLC's (collectively the "Dean Engle Defendants") Motion to Dismiss (Dkt. No. 6). For the reasons below and those set forth in Dean Engle Defendants' Motion, the Court should dismiss Plaintiff's Adversary Complaint.

## BACKGROUND

On March 29, 2023, Plaintiff filed an adversary proceeding alleging PNC violated an automatic bankruptcy stay by attempting to collect on a discharged debt. (Dkt. No 1 (Adversary Complaint) ¶¶ 76-78, 81-90.) The stay stemmed from a Chapter 7 bankruptcy case Plaintiff filed in 2012. (*Id.* at 2.) That bankruptcy case terminated on October 5, 2012. (Bankruptcy Petition # 12-65475-wlh, Northern District of Georgia (Atlanta) at Dkt. No. 14.) Plaintiff claims the closed Chapter 7 bankruptcy case gives rise to this Court's jurisdiction over his Adversary Complaint. (Adversary Complaint at 2.)

Eight years after the bankruptcy case closed, Plaintiff filed a complaint in the U.S. District Court for the Northern District of Georgia, Civil Action No. 1:20-cv-02220-SCJ-JEM, alleging nearly identical claims as those plead in his Adversary Complaint.[1] (*See Ohai v. Delta Community Credit Union et al*, Civil Case No. 1:20-cv-02220-SCJ, Dkt. No. 1.) In response, PNC moved to dismiss the District Court complaint for, among other reasons, Plaintiff's failure to plead facts demonstrating PNC violated the bankruptcy discharge injunction. (*Id.* at Dkt. No. 37.) On referral from the District Judge, the Magistrate Judge recommended the motion to dismiss be granted. (*Id.* at Dkt. No. 209). Plaintiff objected to the recommendation, which the District Judge overruled, ultimately dismissing the action as it pertains to PNC. (*Id.* at Dkt. No. 289.)

In both the District Court complaint and the Adversary Complaint, Plaintiff alleges the purported collection attempts occurred through a series of 2018 correspondence PNC sent Plaintiff concerning his 2008 mortgage loan. (Adversary Complaint ¶¶ 56-63.).

## LEGAL STANDARD

---

[1] "A court may take judicial notice of public records, including court filings" on a motion to dismiss. *Bennett v. Flagstar Bank FSB (In re Bennett)*, Nos. 11-21531, 12-02026, 2013 Bankr. LEXIS 1486, at *7 (Bankr. S.D. Ga. Apr. 9, 2013).

Under Federal Rule of Civil Procedure 12(b)(1), made applicable by Federal Rule of Bankruptcy Procedure 7012(b), a defendant may move to dismiss a complaint on the grounds that the Court lacks subject matter jurisdiction. *Maxwell v. HSBC Mortg. Corp. (USA) (In re Maxwell)*, Nos. 10-79479-CRM, 12-5284, 2012 Bankr. LEXIS 3876, at *3 (Bankr. N.D. Ga. Aug. 22, 2012). "When ruling on a motion to dismiss for lack of subject matter jurisdiction, '[a] court must accept the material factual allegations in the complaint as true, but need not draw inferences favorable to the plaintiff.'" *Comfort Care Transp. Prods. LLC v. Advantage Funding Commer. Capital Corp. (In re Around Town Transp. Prods., LLC)*, Nos. 08-11554-WHD, 09-1084, 2009 Bankr. LEXIS 4241, at *4 (Bankr. N.D. Ga. Dec. 23, 2009) (citation omitted). The "plaintiff has the burden of showing the presence of subject matter jurisdiction by a preponderance of the evidence" and the "plaintiff's allegations regarding subject matter jurisdiction are not presumed to be truthful." *Wynne v. Aurora Loan Servs., LLC (In re Wynne)*, 422 B.R. 763, 766-67 (Bankr. M.D. Fla. 2010) (internal quotation marks and citation omitted).

## ARGUMENT

This Court lacks jurisdiction over Plaintiff's Adversary Complaint. Under 28 U.S.C. § 1334(b) and 28 U.S.C. § 157, "'the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in

- 4 -

or related to cases under title 11.'" *Cont'l Nat'l Bank v. Sanchez (In re Toledo)*, 170 F.3d 1340, 1344-45 (11th Cir. 1999) (quoting 28 U.S.C. § 1334(b).) These provisions allow the bankruptcy court to exercise "jurisdiction in three categories of proceedings: (1) those that arise under title 11, (2) those that arise in cases under title 11, and (3) those related to cases under title 11." *Id.* (internal quotation marks and citation omitted).

Here, Plaintiff alleges this is a "core proceeding" because the Adversary Complaint "arises in" a case under title 11, his Chapter 7 bankruptcy proceeding. (Adversary Complaint at 2.) However, Plaintiff's underlying bankruptcy case has been closed for over a decade. (*See* Bankruptcy Petition #: 12-65475-wlh at Dkt. No. 14.) Consequently, this Adversary Complaint neither "arises under" title 11 nor "arises in" a bankruptcy case and thus cannot be a core proceeding.

The general rule is that related adversary proceedings should be dismissed once the underlying bankruptcy case is terminated. *See e.g., Galvin v. U.S. Bank, N.A. (In re Galvin)*, Nos. 19-31010-KKS, 19-03012-KKS, 2022 Bankr. LEXIS 2621, at *12 (Bankr. N.D. Fla Aug. 11, 2022) (dismissing adversary proceeding after the underlying bankruptcy case was fully administered and closed because the bankruptcy court lost jurisdiction*); Williams v. SLM Corp. (In re Williams)*, 19 Fla. L. Weekly Fed. B 237 (U.S. Bankr. S.D. Fla. 2006) (dismissing adversary

proceeding for lack of jurisdiction because "there is simply no nexus" between the adversary proceeding and the related bankruptcy case after termination); *see also In re Rush*, 49 B.R. 158, 161 (Bankr. N.D. Ala. 1985) (explaining that the adversary proceeding cannot "survive the closing of the bankruptcy case in which it was commenced . . . unless the bankruptcy case is reopened"). This rule applies equally to adversary proceedings filed after the underlying bankruptcy case is terminated. *Cassidy*, Nos. 93-65784, 95-6542, 1995 Bankr. LEXIS 1330, at *3, 76 A.F.T.R.2d (RIA) 1995-6523 (Bankr. N.D. Ga. Sep. 7, 1995) (dismissing adversary proceeding that "was filed after the main case was closed").

Dismissal is proper without an underlying bankruptcy case because an "adversary proceeding is, by definition, not a bankruptcy 'case' within the meaning of 28 U.S.C. § 157." *In re Williams*, 19 Fla. L. Weekly Fed. B 237. Because the adversary proceeding was filed over a decade after the underlying bankruptcy case terminated, it cannot "arise under," nor can it "arise in," a case under title 11. "Put succinctly, there is no bankruptcy case to which this adversary proceeding can attach so that the jurisdiction of the bankruptcy court could be invoked. Absent a pending case in which this adversary proceeding could 'arise under' or 'arise in,' this Court lacks jurisdiction." *Id.*

While the Eleventh Circuit has carved out rare exceptions to the general rule for courts to exercise discretionary jurisdiction to retain an adversary complaint following dismissal of the underlying bankruptcy case, none are applicable here. *In re Morris*, 950 F.2d 1531, 1534-35 (11th Cir. 1992) (allowing bankruptcy court to retain jurisdiction over the adversary proceeding that had been pending for over four years and was ready for trial when the underlying bankruptcy case was dismissed). In determining whether the exception applies, courts consider (1) "judicial economy," (2) "fairness and convenience to the litigants," and (3) "the degree of difficulty of the related legal issues involved." *Id.*

Here, the factors weigh against this Court exercising jurisdiction. First, this proceeding is in its infancy and the Court is unfamiliar with the facts of this case. Also, Plaintiff has litigated substantially similar claims in another action and it would be an inefficient use of judicial resources to re-litigate the same claims here. Second, the parties have spent little time and resources litigating the issues in this adversary proceeding. Unlike *In re Morris* where the adversary complaint had been pending for four years and the underlying bankruptcy case was closed on the eve of trial, this matter is a month old and the underlying case was terminated over ten years ago. Third, the legal issues involved do not require special expertise of the bankruptcy court and are not related to the administration of Plaintiff's Chapter 7

estate. Thus, this Court should decline to exercise jurisdiction over this adversary proceeding. *Ocon v. Equinamics Corp. (In re Ocon)*, Nos. 06-14878-BKC-AJC, 06-2140-BKC-AJC-A, 2007 Bankr. LEXIS 1270, at *13-14 (Bankr. S.D. Fla. Mar. 29, 2007) (declining to exercise jurisdiction over adversary proceeding after the bankruptcy case was dismissed because "(i) no independent jurisdiction c[ould] be asserted, (ii) only a minimal amount of judicial resources ha[d] been expended on the matter and (iii) where no one would be inconvenienced by requiring the matter to be litigated in State or District Court").

## **CONCLUSION**

For the foregoing reasons and those set forth in Dean Engle Defendants' Motion to Dismiss, the Court should dismiss Plaintiff's Adversary Complaint.

DATED: May 8, 2023          */s/ William Lasker*

William Lasker
Georgia Bar No. 623981
laskerw@ballardspahr.com
BALLARD SPAHR LLP
One Utah Center, Suite 800
201 South Main Street
Salt Lake City, UT 84111-2221
Direct 801.531.3074
Fax 801.531.3001

*Counsel for Defendant PNC Bank, N.A.*

## **CERTIFICATION OF COMPLIANCE WITH L.R. 5.1C**

I hereby certify that the foregoing has been computer processed with 14 point New Times Roman Font in compliance with the United States District Court for the Northern District of Georgia Local Rule 5.1C.

Dated: May 8, 2023 /s/ *William Lasker*
William Lasker
Georgia Bar No. 623981
laskerw@ballardspahr.com
BALLARD SPAHR LLP
One Utah Center, Suite 800
201 South Main Street
Salt Lake City, UT 84111-2221
Direct 801.531.3074
Fax 801.531.3001

*Counsel for Defendant PNC Bank, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2023, I electronically filed **PNC Bank's Motion to Dismiss Plaintiff's Adversary Complaint** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all attorneys of record, and via U.S. Mail, addressed as follows with postage prepaid:

Emmanuel Ohai
863 Flat Shoals Road SE
Suite C #155
Conyers, Georgia 30094

Daniel I. Singer
2601 Main Street, Suite 950
Irvine, CA  92614

Dated:  May 8, 2023                    */s/ William Lasker*
                                       William Lasker
                                       Georgia Bar No. 623981
                                       *Counsel for Defendant PNC Bank, N.A.*