# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: EMMANUEL OHAI<br><br>Debtor | **Lead BK Case: In re Ohai, Chapter 7, No. 12-65475** |
| EMMANUEL OHAI,<br><br>Plaintiff,<br><br>v.<br><br>DELTA COMMUNITY CREDIT UNION, PARK TREE INVESTMENTS, LLC, DEAN ENGLE, individually, FCI LENDER SERVICES, INC., SINGER LAW GROUP, DANIEL I. SINGER, individually, JAUREGUI, LINDSAY, LONGSHORE & TINGLE, MICROBILT CORPORATION, and PNC BANK N.A. (INC.),<br><br>Defendants. | **Adversary Pro. #: 23-05041-wlh** |

### DEFENDANT MICROBILT CORPORATION'S MOTION
### TO DISMISS PLAINTIFF DEBTOR'S ADVERSARY COMPLAINT WITH
### PREJUDICE

4853-4853-4629.v1

MicroBilt Corporation ("MicroBilt"), by and through its undersigned counsel, and pursuant to Federal Rule 12(b)(6) made applicable in this Adversary Proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and applicable law, respectfully requests that the Court grant MicroBilt's Motion to Dismiss ("Motion") Emanual Ohai's ("Plaintiff" or "Debtor") complaint in this Adversary Proceeding ("Adversary Complaint"), with prejudice.

### *Introduction*

Plaintiff filed his Chapter 7 bankruptcy proceeding in this Court more than ten years ago, on June 20, 2012. *See* In re Emmanuel O. Ohai, Bankruptcy Petition #: 12-65475. That proceeding was terminated and Debtor was discharged on October 5, 2012. *See* Dkt. #14.

It is undisputed that MicroBilt had no relationship with Debtor, was not a creditor or party in interest in Debtor's Chapter 7 bankruptcy case, and was not notified of the filing of that bankruptcy proceeding at the time of filing or discharge, which both occurred in 2012. *See* Dkt. #s 1 & 14.

Plaintiff's Adversary Complaint has not and cannot allege MicroBilt had any knowledge or notice of Debtor's bankruptcy in 2012 or at any other time relevant to his discharge violation claim. Exhibit "Y" to the Adversary Complaint establishes

2

that Debtor first provided notice to MicroBilt of the existence of the Chapter 7 proceeding through a letter dated February 24, 2020 and received by MicroBilt on March 9, 2020. *See* Dkt #1, Adversary Exhibit "Y", pages 238 and 243. That letter and the "notice" of the 2012 Bankruptcy discharge, were received by MicroBilt *after* the two inquiries in question. Thus, according to the allegations of Plaintiff's Adversary Complaint, it is undisputed MicroBilt did not have notice of his bankruptcy until after the events complained of in the Adversary Complaint.

Plaintiff's sparse allegations against MicroBilt are found in the two paragraphs of the Adversary Complaint quoted below in full:

> 95. Park Tree Investments, had used MicroBilt Corporation ("MC") to gather information about Plaintiff.
>
> 96. MicroBilt allowed PTI access to Plaintiffs consumer credit file, without Plaintiffs authorization or permissible purpose, so that Park Tree could pursue collection of the discharged debt. Exhibit Z. (Adversary Complaint, Dkt. #1)(There is no Exhibit "Z" attached to the Adversary Complaint. *See Id* and Exhibits which end at "Y". Plaintiff likely meant Exhibit "Y", which contains communications between Plaintiff and MicroBilt.)

MicroBilt is a consumer reporting agency, and Park Tree is MicroBilt's business customer. While no dates are identified by Plaintiff in the Adversary Complaint, the above allegations plainly refer to Park Tree's inquiries, or requests

3

for Plaintiff's consumer report in 2019 and 2020. Debtor's Exhibit "Y" shows the first inquiry occurred on January 28, 2019 (*See* Exhibit "Y", Dkt #1, p. 247). The second inquiry was just over one year later, on February 3, 2020. *Id*.

First, Plaintiff's Adversary Complaint should be dismissed with prejudice because the allegations in the Adversary Complaint are time barred. Debtor's Chapter 7 bankruptcy proceeding was filed more than ten years ago, on June 20, 2012, and was terminated and Debtor discharged on October 5, 2012. In the alternative, the Adversary Complaint should be dismissed with prejudice on the merits because MicroBilt's furnishing of consumer reports to Park Tree – in 2019 and 2020 - was entirely compliant with the Fair Credit Reporting Act, 15. U.S.C. 1681, et seq. (the "FCRA") and well-settled case law.

**Rule 12(b)(6) Standard.**

It is well established as made applicable in this Court through Rule 7012(b) of the Bankruptcy Rules and that:

> Rule 12(b)(6) is viewed through the lens of Rule 8(a), made applicable herein through Bankruptcy Rule 7008, which requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed.R.Civ.P. 8(a)(2). Under this standard, "to survive a motion to dismiss, a complaint must now contain factual allegations that are 'enough to raise a right to relief above the speculative level.' " In re Chang, No. 21-53275-PMB, 2022

4

WL 1160617, at *2 (Bankr. N.D. Ga. Apr. 19, 2022)(footnote with lengthy string citation omitted)

In In re Nilhan Devs., LLC, 631 B.R. 507, 517 (Bankr. N.D. Ga. 2021), this Court granted a motion to dismiss, explaining the standard:

> The facts alleged must be taken as true, and "dismissal is inappropriate merely because it appears unlikely ... the plaintiff can prove those facts or will ultimately prevail on the merits." Official Comm. of Unsecured Creditors of Tousa, Inc. v. Technical Olympic, S.A. (In re Tousa), 437 B.R. 447, 452 (Bankr. S.D. Fla. 2010) (citing Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)).

As further established below, the allegations contained in the Adversary Complaint, taken as true, simply cannot and do not give rise to a right for relief because: 1) the pleading establishes the claim(s) on which the discharge violation is based are barred by the FCRA statute of limitations; and 2) as a legal matter, there *was* an FCRA permissible purpose for Park Tree to obtain Plaintiff's consumer report(s) and therefore no FCRA or discharge violation.

### The FCRA Claim upon which Debtor's Discharge Violation is Based is Time-Barred.

Plaintiff filed this Adversary Proceeding on March 29, 2023. The FCRA contains a two (2) year limitations of action provision, which can extend to five (5) years if a plaintiff is not notified or aware of the potential claim. The longer period

5

4853-4853-4629.v1

is not germane here, because Plaintiff knew of the alleged claim and threatened to sue MicroBilt in February 2020. On February 24, 2020, Plaintiff wrote a dispute to MicroBilt respecting both inquiries. See Debtor's Exhibit "Y", Dkt #1, p. 238.

The Limitations of Actions section of the FCRA provides:

> "An action to enforce any liability created under this subchapter may be brought ... not later than the earlier of—(1) 2 years after the ***date of discovery*** by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. §1681p; Morgan v. Trans Union, LLC, No. 1:19-CV-1526-CC-JKL, 2019 WL 5490624, at *3 (N.D. Ga. Aug. 26, 2019), report and recommendation adopted, No. 1:19-CV-1526-CC-JKL, 2019 WL 5491807 (N.D. Ga. Sept. 13, 2019)." Coleman v. Dep't Store Nat'l Bank: DSNB Macy's, No. 122CV00178MHCJEM, 2022 WL 18777575, at *4 (N.D. Ga. Oct. 13, 2022), report and recommendation adopted sub nom. Coleman v. Dep't Store Nat'l Bank, No. 1:22-CV-178-MHC-JEM, 2022 WL 18777528 (N.D. Ga. Nov. 3, 2022) (emphasis supplied)

Under these circumstances, the two year statute of limitations applies because Plaintiff's "date of discovery" is no later than February 24, 2020, the date of his dispute letter. Plaintiff's own exhibit establishes that the FCRA statute of limitations commenced no later than February 24, 2020 and thus expired at the latest on February 24, 2022. *Id*. (More accurately, February 3, 2022, two years after the second February 3, 2020.)

Significantly, the FCRA statute of limitations was not tolled by the Chapter 7 proceeding. This is so because 11 U.S. Code §108 - Extension of time, did not toll the limitations periods which have commenced and ended during a period when there was no active Chapter 7 proceeding. Here, the FCRA limitations clock started and expired almost a decade after Debtor's discharge. Therefore, the period for Plaintiff to commence a cause of action started and expired wholly outside of any protections afforded by 11 U.S.C. §108. These facts related to the timing of the commencement of the Adversary Proceeding are indisputable and fatal to the allegations set forth in Plaintiff's Adversary Complaint. Because no amendment can rescue the claim, the Adversary Complaint should be dismissed with prejudice as a matter of law.

### Plaintiff's FCRA Claim Fails on the Merits Because Park Tree Had a Permissible Purpose to Obtain his Consumer Report Post-Chapter 7 Discharge

In the alternative, the Adversary Complaint should be dismissed with prejudice on the merits, because MicroBilt's furnishing of consumer reports complied with the FCRA.[1]

---

[1] 15 U.S.C.A. § 1681b, Permissible Purposes of Reports, provides as follows:

On May 26, 2020, Plaintiff filed an action in the Northern District of Georgia (Atlanta Division), captioned: <u>Ohai v. Delta Community Credit Union, Park Tree, et al</u>, 1:20-cv-02220-SCJ, grounded in the exact same facts (parties, loans, inquiries and furnishing of consumer reports). (the "District Court Case") There has been years of legal wrangling, amendments and motion practice in the District Court Case. Of relevance here, by order dated May 4, 2023, the District Judge temporarily stayed the District Court Case as to Park Tree only "to allow the resolution of the bankruptcy court's Adversary Proceeding." Doc. No. 293, p. 4. [2] MicroBilt is filing

---

**In general**

Subject to subsection (c), any consumer reporting agency may furnish a consumer report under the following circumstances and no other:

**(3)** *To a person which it has reason to believe—*

*(A) intends to use the information in connection with* a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, ***or review or collection of an account of, the consumer***; or (Emphasis added)

---

[2]    "Pursuant to Fed. R. Evid. 201(b), the Court can take judicial notice of its own docket and the contents of documents filed in the case and may do so without converting a motion to dismiss into a motion for summary judgment. See Horne v.

a motion with the District Judge asking that the District Court Case also be temporarily stayed as to MicroBilt to allow a resolution of this Adversary Proceeding against MicroBilt. Judicial economy and the interest of the parties will best be served by allowing this Court to resolve the issues before it. Likewise, the stay of the District Court Case will avoid inconsistent rulings on the dispositive permissible purpose issue presented sub judice.

Well-settled FCRA case law has consistently held that the fact of a bankruptcy discharge does not prevent a creditor with a lien against a debtor's residence from lawfully, and with a permissible purpose, obtaining and being furnished a "debtor's" consumer report. As the 7th Circuit Court of Appeals stated, an argument that no permissible purpose exists "when a consumer's debts have been discharged in bankruptcy" is simply "too broad". Persinger v. Sw. Credit Sys., L.P., 20 F.4th 1184,

---

Potter, 392 F. App'x 800, 802 (11th Cir. 2010)." In re Nilhan Devs., LLC, 631 B.R. 507, 518 (Bankr. N.D. Ga. 2021)

In Horne, *supra*, the Court of Appeals explained that a court is entitled to take judicial notice of Orders contained in the Federal Court docket, as "public records" which are "not subject to reasonable dispute" and "whose accuracy could not reasonably be questioned." Id. at 802. See also In re Chang, No. 21-53275-PMB, 2022 WL 1160617, at *3 (Bankr. N.D. Ga. Apr. 19, 2022), citing and quoting Horne, *supra*.

9

1195 (7th Cir. 2021). This is so, because, for example, 11 U.S.C. § 524(j) provides a list of exceptions to the discharge injunction. The Adversary Complaint avers that the Park Tree mortgage loan was a lien against his "primary residence" – that lien fits squarely within the recognized exceptions. See Dkt # 1, ¶¶17 – 19, 41.

As explained by the 9th Circuit Court of Appeals in <u>Marino v. Ocwen Loan Servicing LLC</u>, 978 F.3d 669, 675 (9th Cir. 2020) (*quoting* 11 U.S.C. §524(j)(3)).:

> For example, 11 U.S.C. § 524(j) provides an exception to the bankruptcy injunction created in subsection (a) for creditors who hold a secured claim if: (1) the real property is the principal residence of the debtor, (2) the creditor is engaged in the ordinary course of business with the debtor; and (3) the creditor is seeking periodic payments associated with a valid security interest rather than enforcing the lien. The Ninth Circuit has explained that "the discharge provisions of the bankruptcy code state that the discharge injunction does not apply to a secured creditor's efforts to seek, 'periodic payments associated with a valid security interest in lieu of pursuit of in rem relief to enforce the lien.' "

(See also, <u>Dinucci v. Onpoint Cmty. Credit Union</u>, No. 3:21-CV-00122-AC, 2021 WL 5227080, at *4 (D. Or. Aug. 16, 2021), report and recommendation adopted, No. 3:21-CV-00122-AC, 2021 WL 5227048 (D. Or. Nov. 9, 2021) ("Because the real property securing DiNucci's loan is her principal place of residence, OnPoint would not violate the bankruptcy injunction by simply engaging in the ordinary

course of business with DiNucci and seeking periodic payments from her in lieu of pursuing the lien".)

The undisputed facts, as alleged in the Adversary Complaint (the Park Tree loan was a lien against Plaintiff's principal residence), demonstrate that Park Tree was legally entitled to obtain Plaintiff's consumer report from MicroBilt.

Once it is established that the disputed Park Tree inquiry was in fact FCRA compliant (permissible and accurate), Plaintiff's FCRA and discharge violation claims fail. Accuracy is a complete defense to the FCRA claim, and without that violation, there is no discharge violation.

Relying upon Eleventh Circuit authority, the Third Circuit explained in Bibbs v. Trans Union LLC, 43 F.4th 331, 342 (3d Cir. 2022):

> If a consumer disputes "the completeness or accuracy of any item of information" in his consumer report and notifies the consumer reporting agency of the dispute, § 1681i(a) requires the agency to "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate." 15 U.S.C. § 1681i(a)(1)(A). The parties before us agree that, before a court can consider whether an agency's reinvestigation was reasonable, it must first determine that the disputed information was in fact inaccurate. As the First Circuit noted in DeAndrade v. Trans Union LLC, "it is difficult to see how a plaintiff could prevail on a claim for damages under § 1681i without a showing that the disputed information disclosed by the credit agency was, in fact, inaccurate." 523 F.3d 61, 67 (1st Cir. 2008). And in Cushman [v.

11

Trans Union Corp., 115 F.3d 220 (3d Cir. 1997);], we endorsed the district court's view that "[t]he decisive inquiry [for the plaintiff's § 1681i claim] is whether Trans Union could have determined that [there was an inaccuracy] if it had reasonably investigated the matter". 115 F.3d at 226. We therefore join "the weight of authority in other circuits[,]" which indicates that, "without a showing that the reported information was in fact inaccurate, a claim brought under § 1681i must fail." DeAndrade, 523 F.3d at 67; see also, e.g., Denan v. Trans Union LLC, 959 F.3d 290, 296-98 (7th Cir. 2020); Shaw v. Experian Info. Sols., Inc., 891 F.3d 749, 756 (9th Cir. 2018); Wright v. Experian Info. Sols., Inc., 805 F.3d 1232, 1242 (10th Cir. 2015); Cahlin [Gen. Motors Acceptance Corp., 936 F.2d 1151 (11th Cir. 1991)], 936 F.2d at 1160.

It is manifest that MicroBilt complied with the FCRA because Park Tree, Plaintiff's creditor, had an FCRA permissible purpose to obtain a consumer report. As such, Debtor's claim of a discharge violation, entirely grounded in MicroBilt's lawful furnishing of consumer reports, must fail as a matter of law.

> **Plaintiff's Claim that MicroBilt violated the FCRA because Park Tree did not have a Compliant Permissible Purpose is an improper collateral attack and cannot establish a basis for the FCRA claim on which Plaintiff seeks to prove a discharge violation.**

In the alternative, Plaintiff's contention that Park Tree did not have a permissible purpose to obtain his consumer report, post-discharge, is manifestly an impermissible collateral attack on the legality of the conduct. Well established

4853-4853-4629.v1

Court of Appeals precedent holds that only factual inaccuracies, not legal issues, can give rise to liability under the FCRA. To establish an FCRA cause of action, "the plaintiff must show that the agency's report contained *factually* inaccurate information." Losch v. Nationstar Mortg. LLC, 995 F.3d 937, 944 (11th Cir. 2021) (Emphasis Supplied). That is, consumer reporting agencies have no obligation to investigate "*legal* disputes about the validity of the underlying debt they report." *Id.* at 946 (Emphasis Supplied) (internal quotation marks omitted) *See also* Batterman v. BR Carroll Glenridge, LLC, 829 Fed.Appx 478, 81 (11th Cir. 2020)("Such contractual disputes require resolution by a court of law, not a credit reporting agency."); Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 891-892 (9th Cir. 2010) (explaining because credit bureaus are "ill equipped to adjudicate contract disputes, courts have been loath to allow consumers to mount collateral attacks on the legal validity of their debts in the guise of FCRA reinvestigation claims"). DeAndrade v. Trans Union LLC, 523 F.3d 61, 68 (1st Cir. 2008)(consumer's assertion that a mortgage was not valid "is not a factual inaccuracy . . . but rather a legal issue that a credit agency . . . is neither qualified nor obligated to resolve under the FCRA.") Johnson v. Trans Union, LLC, 524 F. App'x 268, 270 (7th Cir. 2013); Chiang v. Verizon New England, Inc., 595 F.3d

13

26 (1st Cir. 2010); Saunders v. Branch Banking and Trust Co. of Va., 526 F.3d 142, 150 (4th Cir. 2008) ("Claims brought against CRAs based on a legal dispute of an underlying debt raise concerns about 'collateral attacks.'").[3]

The First Circuit's ruling in DeAndrade is apt here:

> In essence, DeAndrade has crossed the line between alleging a factual deficiency that Trans Union was obliged to investigate pursuant to the FCRA and launching an impermissible collateral attack against a lender by bringing an FCRA claim against a consumer reporting agency. DeAndrade, 523 F.3d at 68.

---

[3] Numerous District Courts have likewise held that consumer reporting agencies are not suited, or required under the FCRA, to resolve legal questions. *See, e.g.*, Jackson v. Bank of Am., No. 2:19-CV-1940-RDP, 2022 WL 135919, at *2 (N.D. Ala. Jan. 7, 2022); Baldeosingh v. Trans Union LLC, No. 8:20-cv-925-WFJ-JSS, 2021 WL 1215001 (M.D. Fla. Mar. 31, 2021); Edwards v. Med-Trans Corporation, et al., No. 2:20-cv-00114-CLM, 2021 WL 1087228 (N.D. Ala. March 22, 2021); Berkery v. Equifax Info. Servs., LLC, No. 18-3417, 2019 WL 1958567 (E.D. Pa. May 2, 2019); Thomas v. Equifax Info. Servs., LLC, No. 1:18-cv-01438-RM-KLM, 2019 WL 948996 (D. Colo. Feb. 27, 2019); Denan v. Trans Union LLC, No. 18 C 5027, 2019 WL 911270 (N.D. Ill. Feb. 22, 2019); Perry v. Toyota Motor Credit Corp., No. 1:18CV00034, 2019 WL 332813 (W.D. Va. Jan. 25, 2019); Padgett v. Clarity Servs., Inc., No. 8:18-cv-1918-T-30CPT, 2018 WL 6628274 (M.D. Fla. Dec. 13, 2018); Pembroke v. Trans Union, LLC, No. 16-CV-03194-CMA-STV, 2017 WL 6463254 (D. Colo. Dec. 19, 2017); Barsky v. Experian Info. Solutions, Inc., No. 4:15 CV 1017 CDP, 2016 WL 4538526 (E.D. Mo. Aug. 30, 2016); Prianto v. Experian Info. Solutions, Inc., No. 13-c-03461-THE, 2014 WL 3381578 (N.D. Cal. July 10, 2014).

14

Plaintiff's dispute is grounded in his legal interpretation of Park Tree's right to obtain his consumer report. That is unequivocally an impermissible collateral attack on the Park Tree's legal right under the FCRA to obtain a report post-discharge. That attack cannot be the basis of an FCRA claim. In the District Court Case, the District Judge conducted independent research on the issue of whether and when a post-discharge inquiry is FCRA compliant. See May 4, 2023 Order, Doc.No. 290, pp. 8 – 12. That Order granted in part and denied in part MicroBilt's Motion to Reconsider the District Judge's adoption of the Magistrate Judge's Report and Recommendation to deny MicroBilt's Motion to Dismiss. That Motion relied upon accuracy, and did not concern permissible purpose post-discharge, which is the focus of MicroBilt's current Motion to Dismiss the Adversary Action.

Significantly, the District Judge's May 4th Order sets forth a cogent discussion which convincingly establishes that there is a material legal issue of whether a post-discharge inquiry is compliant. While there may be a factual component to this Court's determination, the legal determination is for the Court to resolve, and not a consumer reporting agency. This is particularly true here, where MicroBilt was not even aware of the bankruptcy, or the discharge.

Whether access as a legal matter, was allowed or barred post-discharge, remains to be resolved by this Court, under all circumstances, a legal issue for the courts, and not the consumer reporting agencies. Moreover, regardless of that resolution, the claim against MicroBilt fails because at the time of the inquiries, MicroBilt had no knowledge of the bankruptcy, and was under no obligation to discovery that fact or conduct a legal determination of any significance of the bankruptcy.

**Conclusion**

For all of the foregoing reasons and authorities, MicroBilt respectfully requests that the Court dismiss Plaintiff's Adversary Complaint with prejudice, and costs and fees be awarded.

Dated: May 22, 2023                             Respectfully submitted,

*/s/ Megan P. Mitchell*
Megan P. Mitchell
Georgia Bar No. 916934
megan.mitchell@agg.com
Arnall Golden Gregory LLP
171 17th Street, NW, Suite 2100

16

Atlanta, GA  30363
Telephone:  (404) 873-8500
Facsimile:   (404) 873-8501

*/s/ Bruce S. Luckman*
Bruce S. Luckman
New Jersey Bar No. 02542011
bluckman@shermansilverstein.com
*(Admitted in the District Court Case pro hac vice)*
Sherman, Silverstein, Kohl,
Rose, & Podolsky, P.A.
308 Harper Drive, #200
Moorestown, NJ   08057
Telephone:  (856) 662-0700
Facsimile:   (856) 488-4744

*Counsel for Defendant MicroBilt Corporation*

17

## **CERTIFICATE OF COMPLIANCE AND SERVICE**

Counsel for Defendant certifies that this document has been prepared with one of the font and point selections approved by the Court in LR 5.1, N.D. Ga., namely, Times New Roman, 14 point. Counsel for Defendant further certifies that this document was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record, and that the document has been served by U.S. mail, postage prepaid, upon the following:

> Mr. Emmanuel Ohai
> 863 Flat Shoals Road SE, C#155
> Conyers, GA  30094

Dated:  May 22, 2023

> */s/ Megan P. Mitchell*
> Megan P. Mitchell
> Georgia Bar No. 916934
>
> *Counsel for Defendant MicroBilt Corporation*

18

4853-4853-4629.v1