**IT IS ORDERED as set forth below:**



Date: June 27, 2023

_____
**Wendy L. Hagenau**
**U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 12-65475-WLH |
| EMMANUEL OHAI, | CHAPTER 7 |
| Debtor. | |
| EMMANUEL OHAI, | ADVERSARY PROCEEDING NO. 23-5041-WLH |
| Plaintiff, | |
| v. | |
| DELTA COMMUNITY CREDIT UNION, PNC BANK NATIONAL ASSOCIATION, INC., DEAN ENGLE & PARK TREE INVESTMENTS, LLC, PARK TREE 20 INVESTMENTS, LLC, FCI LENDER SERVICES, INC., DANIEL I. SINGER & SINGER LAW GROUP, PHILLIP L. JAUREGUI D/B/A JAUREGUI & LINDSEY, LLC, MICHAEL W. LINDSEY D/B/A, JAUREGUI & LINDSEY, LLC, MICROBILT CORPORATION, | |
| Defendants. | |

**ORDER ON PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE**

1

**THIS MATTER** is before the Court on Plaintiff's Request for Judicial Notice in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss Adversary Proceeding (Doc. No. 15) (the "Motion"). Plaintiff initiated this adversary proceeding by filing a complaint on March 29, 2023. All Defendants have filed Motions to Dismiss: Dean Engle, Park Tree Investments, LLC, Park Tree 20 Investments, LLC, FCI Lender Services, Inc., Phillip L. Jauregui, and Michael W. Lindsey d/b/a Jauregui & Lindsey, LLC (Doc. No. 6); Delta Community Credit Union ("Delta") (Doc. No. 11); PNC Bank, N.A. ("PNC") (Doc. No. 12); MicroBilt Corporation (Doc. No. 18); and Daniel I. Singer d/b/a Singer Law Group (Doc. No. 26).

On May 15, 2023, Plaintiff filed the Motion. Plaintiff asks the Court to take judicial notice of certain documents in considering the motions to dismiss including:

1) A foreclosure notice and other communications with documents from the Gwinnett Daily Post;
2) A record from Delta obtained through discovery in other litigation;
3) A 1099-C tax form filed by PNC with the IRS; and
4) An affidavit of Dean Engle filed in district court litigation.

Delta filed a Reply in Support of its Motion to Dismiss (Doc. No. 20), in which it opposes the Motion on the basis that the documents are not central to Plaintiff's claim and may not be considered.

Applicable Law

When considering a Rule 12(b)(6) motion to dismiss, the Court is normally required to limit itself to consideration of the allegations in the complaint and documents attached thereto. Fed. R. Civ. P. 12(b)(6); Hayes v. U.S. Bank Nat'l Ass'n, 648 F. App'x 883, 887 (11th Cir. 2016) (on a motion to dismiss, a court is generally limited in its review to what is alleged "'within the

2

four corners of the complaint.'" (quoting <u>Bickley v. Caremark RX, Inc.</u>, 461 F.3d 1325, 1329 n. 7 (11th Cir. 2006))). If matters outside the complaint are considered, the court "must convert the motion to dismiss into one for summary judgment." <u>Prop. Mgmt. & Invs., Inc. v. Lewis</u>, 752 F.2d 599, 604 (11th Cir. 1985). There are, however, two exceptions. First, "where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim," the documents may be considered in connection with a motion for dismissal under Rule 12(b)(6). <u>Bickley</u>, 461 F.3d at 1329 n. 7 (quoting <u>Brooks v. Blue Cross & Blue Shield, Inc.</u>, 116 F.3d 1364, 1369 (11th Cir. 1997)); <u>In re Double Jump, Inc.</u>, 2022 WL 4390830, at *3 (Bankr. D. Nev. Sept. 22, 2022) (explaining "incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself" even if not actually attached to the complaint). Second, under Federal Rule of Evidence 201, made applicable in bankruptcy proceedings by Fed. R. Bankr. P. 9017, a court may take judicial notice of "matters of public record." <u>See</u> Fed. R. Evid. 201; <u>see also</u> <u>Norris v. Hearst Trust</u>, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (noting it is "clearly proper in deciding a 12(b)(6) motion, to take judicial notice of matters of public record"); <u>accord</u> <u>Tellabs, Inc. v. Makor Issues & Rights, Ltd.</u>, 551 U.S. 308, 322 (2007) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice").

A court may take notice of certain documents that are "public records," "not subject to reasonable dispute" and "capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned." <u>Horne v. Potter</u>, 392 F. App'x 800, 802 (11th Cir. 2010) (citing Fed. R. Evid. 201(b)); <u>see also</u> <u>Universal Express, Inc. v. U.S. S.E.C.</u>, 177 F. App'x 52, 53 (11th Cir. 2006) (per curiam) (citing <u>Stahl v. U.S. Dep't of Agric.</u>, 327 F.3d 697, 700 (8th

3

Cir. 2003)). Judicial notice can be taken at any stage of a case. Fed. R. Evid. 201(d); Rauso v. Fein, 2022 WL 17833271, at *2 n.3 (E.D. Pa. Dec. 21, 2022). The Eleventh Circuit cautions, however, that taking judicial notice is a highly limited process. See Shahar v. Bowers, 120 F.3d 211, 214 (11th Cir. 1997); Kaplan v. Regions Bank, 2019 WL 4668175, at *12 (M.D. Fla. Sept. 25, 2019); Ballard v. Bank of Am. Corp., 2014 WL 11970543 , at *7 (N.D. Ga. Sept. 11, 2014). Documents outside the complaint may only be considered at the motion to dismiss stage to show their contents, not for the truth of matters asserted therein. Oxford Asset Mgmt. Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002); see also Velazquez v. GMAC Mortg. Corp., 605 F.Supp.2d 1049, 1057 (C.D. Cal. 2008); Barber v. Rubin Lublin, LLC, 2013 WL 6795158, at *4 (N.D. Ga. Dec. 20, 2013).

Courts may take judicial notice of record documents from other proceedings, but a court may take judicial notice of filings in other courts only to establish the fact of the filing—not for the truth of its contents. Kaplan, 2019 WL 4668175, at *12. Thus, "a court may take judicial notice of the undisputed matters of public record, *i.e.*, the fact that hearings and prior proceedings took place, and what was said in those proceedings, but it may not take judicial notice of disputed facts stated in public records for their truth." Callier v. Outokumpu Stainless USA, LLC, 2022 WL 885037, at *3 (S.D. Ala. Mar. 24, 2022); see also F.D.I.C. v. O' Flahaven, 857 F. Supp. 154, 157 (D.N.H. 1994) ("The Court could not judicially notice the veracity of the allegations in the affidavits; it could only take notice that the affidavits were in fact filed and that the factual averments were in fact made."). The same principles apply to taking judicial notice of other public documents like newspapers: a court may take judicial notice of the document's existence, but it cannot take judicial notice of the facts included therein. See e.g. White v. City of Birmingham, Ala., 96 F. Supp. 3d 1260 , 1269 (N.D. Ala. 2015), as amended (May 27, 2015) (declining to take

4

judicial notice of assertions printed in a newspaper because they were subject to reasonable dispute).

Documents

1) Foreclosure notice

Plaintiff first asks the Court to take judicial notice of Exhibit A, which purports to be emails, a business record of the Gwinnett Daily Post, and a foreclosure notice. Plaintiff contends Jauregui & Lindsey, LLC, as agent of Delta, caused the notice to be published with derogatory and untrue statements about Plaintiff's financial condition. Plaintiff did not refer to the foreclosure notice in the Complaint, and it is not central to his claims. Judicial notice is not appropriate. See e.g., Dorsey v. CitiMortgage, Inc., 2011 WL 13217911, at *5 (N.D. Ga. Nov. 10, 2011) (explaining courts will generally not take judicial notice of a foreclosure notice where the party is attempting to make a legal conclusion based on the language in the notice). Additionally, the emails and business record are not public documents. Rather, they were allegedly obtained through discovery in another matter. Judicial notice is not proper. See Harrison v. NBD Inc., 990 F. Supp. 179, 182 (E.D.N.Y. 1998) (declining to consider documents obtained through discovery in opposition to a motion to dismiss); ASAP Copy & Print v. Canon Bus. Sols., Inc., 2012 WL 2832141, at *1 (Cal. Ct. App. June 4, 2012), as modified (July 3, 2012) (denying request for judicial notice to extent it seeks to incorporate documents obtained through discovery). Accordingly, the Court denies the request to take judicial notice of Exhibit A in connection with the motions to dismiss under Rule 12(b)(6).

2) Business Record

Next, Plaintiff asks the Court to take judicial notice of Exhibit B, which he contends is a "business record" from Delta. Exhibit B fails to meet any of the exceptions to the general rule

5

prohibiting a court from considering matters outside the pleadings. First, Plaintiff did not refer to the "business record" in the Complaint and it is not central to his claims. Second, while a court ruling on a Rule 12(b)(6) motion may consider materials that are public records or are otherwise appropriate for the taking of judicial notice, the "business record" submitted by Plaintiff is clearly not a public record and does not constitute the proper type of material of which the Court may take judicial notice.

Further, the Court cannot consider a document obtained through discovery in another court for its truth. See Hartmann p. Apple, Inc., 2021 WL 4267820, at *4 (S.D.N.Y. Sept. 20, 2021) (declining to take notice of allegations of ownership in court-filed documents in another case because judicial notice cannot be taken of filings in other courts for their truth); Harrison, 990 F. Supp. at 182; ASAP Copy & Print, 2012 WL 2832141, at *1. The Court cannot take the subject matter of Exhibit B, which was obtained through discovery in another matter, for the truth of any of the statements made therein. Accordingly, the Court denies the request as to Exhibit B and will not consider it in measuring the sufficiency of the Complaint.

3) Tax document

Next, Plaintiff asks the Court to take judicial notice of the existence of a 2021 1099-C form PNC filed with the IRS. Plaintiff refers to the form in the Complaint in support of his allegations that PNC sought to hold him personally liable for a debt he contends was discharged years ago. PNC does not deny it filed the form with the IRS, and its existence is not subject to reasonable dispute. The form 1099-C was referenced in the Complaint and is central to Plaintiff's claim against PNC. Accordingly, the Court will consider the document in evaluating dismissal under Rule 12(b)(6).

4) <u>Affidavit of Dean Engle</u>

Finally, Plaintiff asks the Court to take judicial notice of an affidavit submitted by Dean Engle in the pending district court litigation. Under Fed. R. Evid. 201, "[j]udicial notice of court records is ordinarily confined to determining what happened in the course of a proceeding—when a plaintiff filed a complaint, what claims were argued and adjudicated, and so on." <u>Kerruish v. Essex Holdings, Inc.</u>, 777 F. App'x 285, 293-94 (11th Cir. 2019) (citing <u>Coney v. Smith</u>, 738 F.2d 1199, 1199-200 (11th Cir. 1984)). While a court may take judicial notice of the fact an affidavit was filed in another court, it may not rely on the truth of the matters stated therein. <u>See</u> <u>Kerruish</u>, 777 F. App'x at 294. Plaintiff asks the Court to consider the affidavit of Dean Engle filed in the district court litigation, but not the truth of the statements made therein. The fact an affidavit was filed is not subject to dispute. Accordingly, the Court will take judicial notice Dean Engle filed an affidavit in the district court litigation, but the Court will not take judicial notice of any statements made therein.

Accordingly,

**IT IS ORDERED** that the Motion is **DENIED IN PART and GRANTED IN PART.**

**IT IS FURTHER ORDERED** that the Court **DENIES** the request to take judicial notice of Exhibits A and B.

**IT IS FURTHER ORDERED** that the Court **GRANTS** the request to consider Exhibits C and D, as stated herein.

**END OF DOCUMENT**

7

**Distribution List**

Emmanuel O Ohai
863 Flat Shoals Rd. SE
C #155
Conyers, GA 30094

Charles H. Van Horn
Berman Fink Van Horn, P.C.
3475 Piedmont Rd., NE
Suite 1100
Atlanta, GA 30305

William Lasker
Ballard Spahr
Utah One Center - Suite 800
201 S. Main St.
Salt Lake City, UT 84111-2221

Larry W. Johnson
138 Hammond Drive, Suite B
Atlanta, GA 30328

Erin M. Rose Quinn
Quinn Legal, P.A.
19321 US Highway 19 N.
Suite 512
Clearwater, FL 33764

Megan Poitevint Mitchell
Arnall Golden Gregory LLP
171 17th Street NW, Ste 2100
Atlanta, GA 30363