**IT IS ORDERED as set forth below:**



**Date: October 16, 2023**

_____
**Wendy L. Hagenau**
**U.S. Bankruptcy Court Judge**

_____

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 12-65475-WLH |
| EMMANUEL OHAI, | CHAPTER 7 |
| Debtor. | |
| EMMANUEL OHAI, | ADVERSARY PROCEEDING NO. 23-5041-WLH |
| Plaintiff, | |
| v. | |
| DELTA COMMUNITY CREDIT UNION, PNC BANK NATIONAL ASSOCIATION, INC., DEAN ENGLE & PARK TREE INVESTMENTS, LLC, PARK TREE 20 INVESTMENTS, LLC, FCI LENDER SERVICES, INC., DANIEL I. SINGER & SINGER LAW GROUP, PHILLIP L. JAUREGUI D/B/A JAUREGUI & LINDSAY LLC, MICHAEL W. LINDSEY D/B/A, JAUREGUI & LINDSEY, LLC, MICROBILT CORPORATION, | |
| Defendants. | |

### ORDER ON FCI'S MOTION TO DISMISS

**THIS MATTER** is before the Court on the Motion to Dismiss filed by FCI Lender Services, Inc. ("FCI") (Doc. No. 49) (the "Motion"), and Plaintiff's Response thereto (Doc. No. 52). The Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(a), and the claim of violating the discharge injunction is a core proceeding under 28 U.S.C. § 157(b)(2)(A) & (O). See In re Golden, 630 B.R. 896, 920 (Bankr. E.D.N.Y. 2021) (it is axiomatic that this Court has subject matter jurisdiction to consider such core matters); In re Harlan, 402 B.R. 703, 710 (Bankr. W.D. Va. 2009).

## I.    FACTS

The facts relating to this adversary proceeding are set out in the Court's Order on the Engle Defendants Motion to Dismiss (Doc. No. 37) and incorporated herein. As more fully explained in that order, Plaintiff and his now ex-wife purchased their primary residence at 2715 Tradd Court, Snellville, Georgia (the "Tradd Property") in April 2006 and executed a note and security deed in favor of Delta Community Credit Union ("Delta") (the "Tradd Mortgage Loan"). In March 2008, Plaintiff and his now ex-wife obtained a home equity loan in the amount of $46,000 from Delta, secured by a second security deed (the "Tradd HELOC"). Plaintiff and his now ex-wife defaulted on the Tradd HELOC in 2010.

On June 20, 2012, Plaintiff and his now ex-wife filed a petition under Chapter 7 of the Bankruptcy Code. On Schedule D, Delta was listed as holding two secured claims: one for $98,352.00 and another for $39,615.00, both secured by the Tradd Property. The Chapter 7 Trustee, Janet G. Watts, conducted the 341 meeting of creditors on July 17, 2012, and filed a Report of No Distribution on August 16, 2012. The bankruptcy case was closed and discharged on

October 5, 2012 (Bankr. Doc. No. 14).[1]

Plaintiff continued to live in the Tradd Property. Delta allegedly first sold the Tradd HELOC in February 2012 (pre-petition). The Tradd HELOC was then sold to Park Tree Investments 20, LLC ("PTI20") by May 23, 2017. Park Tree Investments, LLC ("PTI") was identified as the servicer. PTI transferred servicing of the Tradd HELOC in May 2018 to FCI, which is a loan servicer. Upon receipt of the notice that FCI was the servicer, Plaintiff sent a letter to FCI pursuant to 15 U.S.C. § 1692(f) demanding validation and verification of the debt. FCI and PTI20 engaged the Singer Law Group ("Singer") to respond to the inquiry and in connection with foreclosure proceedings against the Tradd Property. Singer sent two letters on behalf of FCI dated July 11, 2018 and July 16, 2018 to Plaintiff. Plaintiff also alleges FCI sent statements, labeled as a "Delinquency Notice," to him from March 14, 2019 through March 14, 2021 showing an amount due and due date and including a return mail envelope.

On March 29, 2023, Plaintiff filed the complaint against FCI, as well as his former mortgage holders, certain debt collectors, and a consumer reporting agency. Plaintiff alleges FCI attempted to collect discharged and/or time-barred debts from Plaintiff by sending him correspondence on May 15, 2018, July 11, 2018, and July 16, 2018, and monthly mortgage statements.

FCI, collectively with Dean Engle, PTI, PTI20, and Phillip L. Jauregui d/b/a Jauregui & Lindsey and Michael W. Lindsey d/b/a Jauregui & Lindsey, LLC, filed a Motion to Dismiss (Doc. No. 6). On August 23, 2023, the Court entered an order granting the motion in part and denying the motion in part (Doc. No. 37). The Court found the allegations did not plausibly state a claim

---

[1] In the Motion, the Engle Defendants argue the Court should dismiss the complaint because Plaintiff's bankruptcy case was closed 10 years ago. While reopening is not required, the Court nevertheless entered an order on July 14, 2023 reopening the bankruptcy case, thus mooting the argument about whether the Court should reopen the case.

3

that FCI violated the discharge injunction by communicating with Plaintiff through the May 15, July 11, and July 16 letters. The complaint did, however, state a plausible claim that the mortgage statements FCI sent to Plaintiff had the type of coercive effect that violates the discharge injunction. Accordingly, Plaintiff's claim that FCI violated the discharge injunction by sending monthly mortgage statements withstood dismissal and remains pending. The Court ordered FCI to file an answer within 30 days (Doc. No. 38). FCI filed an Answer on August 28, 2023. That same day, FCI filed the Motion.

FCI now contends dismissal is appropriate because Plaintiff's ex-wife was not named as a co-Plaintiff and is an indispensable party to the litigation. Plaintiff filed a response in opposition to the Motion contending he was the sole obligor on the underlying mortgage obligation.

## II.     ANALYSIS

### a. Second Motion to Dismiss Not Permitted

To the extent FCI attempts to file a second motion to dismiss, such a motion is barred under the Federal Rules of Civil Procedure. Reiter Petroleum, Inc. v. Gallant, 2011 WL 5563200, at *1 (S.D. Fla. Nov. 15, 2011). Federal Rule of Civil Procedure 12(g)(2) provides, "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2); see also Fed. R. Bankr. P. 7012(g)(2). The rule "bars successive . . . motions to dismiss." In re Morrison, 421 B.R. 381, 387 (Bankr. S.D. Tex. 2009); Stoffels v. SBC Commc'ns, Inc., 430 F.Supp.2d 642, 647 (W.D. Tex. 2006). The purpose behind the rule is to consolidate motion practice and prevent unnecessary delay. Stoffels, 430 F.Supp.2d at 647; see also In re Morrison, 421 B.R. 381, 387 (Bankr. S.D. Tex. 2009) (explaining "[c]onsolidation of defenses prevents undue delay and encourages judicial efficiency."). The failure to consolidate available defenses in

one motion to dismiss generally constitutes waivers of the defenses. Fed. R. Bankr. P. 7012(h)(1); 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure §§ 1390–91 (3d ed. 2004). Accordingly, because FCI already filed a motion to dismiss (Doc. No. 6), the Motion constitutes an impermissible second motion to dismiss and is barred by the Federal Rules.

      b. **Both Debtors are Not Necessary**

As to the merits of the Motion, FCI contends dismissal is warranted because Plaintiff failed to name his now ex-wife as a party. But she is not a necessary party to Plaintiff's claim that FCI violated the discharge injunction.

Section 524 governs a debtor's discharge in bankruptcy. It provides that a bankruptcy discharge, among other things:

> operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived[.]

11 U.S.C. § 524(a)(2). Section 524(a)(2) of the Bankruptcy Code prohibits any creditor of the debtor from seeking to enforce any "personal liability" against the debtor or to attempt to collect such liability against "property of the debtor." In re Snow, 38 B.R. 19, 21 (Bankr. M.D. Fla. 1983).

In a joint case, there are two debtors and two separate estates. In re Reider, 31 F.3d 1102, 1109 (11th Cir.1994); In re Morrison, 403 B.R. 895, 900 (Bankr. M.D. Fla. 2009) ("the joint petition actually creates two separate bankruptcy estates."); 2 Collier on Bankruptcy ¶ 302.01 (16th ed. 2023) ("the filing of a joint petition does not in and of itself create a single pool of assets out of which all creditors of the two individuals will be paid, but merely allows the two estates to be jointly administered."); In re Hicks, 300 B.R. 372, 376 (Bankr. D. Idaho 2003) ("the filing of a joint petition actually creates two estates, not one,"). "The discharge in bankruptcy, along with the coextensive permanent injunction and fresh start, are exclusive to the debtor[.]" In re Craig, 325

5

B.R. 804, 806 (Bankr. N.D. Iowa 2005). Just as the discharge is personal to the debtor, so to is the permanent injunction arising from section 524(a). Id.

While Plaintiff filed a joint bankruptcy petition with his now ex-wife, the joint filing did not consolidate cases or create a single bankruptcy estate. Further, Plaintiff can pursue relief for creditor actions to enforce any "personal liability" against him personally. He is not asserting any claim on behalf of his ex-wife regarding her bankruptcy estate or her personal liabilities. His ex-wife is not a necessary or indispensable party, and dismissal is not warranted.

## V.     CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that the Motion is **DENIED**.

**END OF DOCUMENT**

**Distribution List**

Emmanuel O. Ohai
863 Flat Shoals Rd. SE
C #155
Conyers, GA 30094

Larry W. Johnson
138 Hammond Drive, Suite B
Atlanta, GA 30328