**IT IS ORDERED as set forth below:**

**Date: October 19, 2023**



_____
**Wendy L. Hagenau**
**U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 12-65475-WLH |
| EMMANUEL OHAI, | CHAPTER 7 |
| Debtor. | |
| EMMANUEL OHAI, | ADVERSARY PROCEEDING NO. 23-5041-WLH |
| Plaintiff, | |
| v. | |
| DELTA COMMUNITY CREDIT UNION, PNC BANK NATIONAL ASSOCIATION, INC., DEAN ENGLE & PARK TREE INVESTMENTS, LLC, PARK TREE 20 INVESTMENTS, LLC, FCI LENDER SERVICES, INC., DANIEL I. SINGER & SINGER LAW GROUP, PHILLIP L. JAUREGUI D/B/A JAUREGUI & LINDSAY LLC, MICHAEL W. LINDSEY D/B/A, JAUREGUI & LINDSEY, LLC, MICROBILT CORPORATION, | |
| Defendants. | |

**ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

1

**THIS MATTER** is before the Court on the Plaintiff's Motion for Leave to File Amended Complaint and for Additional Claims, Permanent Injunction, and Other Equitable Relief (Doc. No. 54) (the "Motion"), and the responses thereto filed by Park Tree Investments, LLC ("PTI"), Park Tree 20 Investments, LLC ("PTI20"), FCI Lender Services, Inc. ("FCI") (collectively the "Park Tree Defendants") (Doc. No. 56); PNC Bank National Association, Inc. ("PNC") (Doc. No. 60); and Delta Community Credit Union ("Delta") (Doc. No. 63). Plaintiff also filed Replies in response to the Park Tree Defendants (Doc. No. 62), Delta (Doc. No. 65), and PNC (Doc. No. 66).

## I.　FACTS

The facts relating to this adversary proceeding are set out in the Court's prior orders on the various motions to dismiss filed by Defendants (Docs. Nos. 33—37), all of which are incorporated herein. As more fully explained in the Court's prior orders, Plaintiff and his now ex-wife purchased their primary residence at 2715 Tradd Court, Snellville, Georgia (the "Tradd Property") in April 2006 and executed a note and security deed in favor of Delta Community Credit Union ("Delta") (the "Tradd Mortgage Loan"). In March 2008, Plaintiff and his now ex-wife obtained a home equity loan in the amount of $46,000 from Delta, secured by a second security deed (the "Tradd HELOC"). Plaintiff and his now ex-wife defaulted on the Tradd HELOC in 2010.

Meanwhile, on April 25, 2008, Plaintiff purchased an investment property at 3102 Stone Mountain Street, Lithonia, Georgia ("Lithonia Property"). RBC was the mortgage lender. Plaintiff fell behind on the payments, and RBC foreclosed on May 4, 2010. RBC was the highest bidder at the non-judicial foreclosure sale. PNC succeeded to RBC's rights and obligations as a result of a merger announced in 2011 and completed in 2012.

On June 20, 2012, Plaintiff and his now ex-wife filed a petition under Chapter 7 of the Bankruptcy Code. On Schedule D, Delta was listed as holding two secured claims: one for

2

$98,352.00 and another for $39,615.00, both secured by the Tradd Property. The Chapter 7 Trustee, Janet G. Watts, conducted the 341 meeting of creditors on July 17, 2012, and filed a Report of No Distribution on August 16, 2012. The bankruptcy case was closed and discharged on October 5, 2012 (Bankr. Doc. No. 14).

Plaintiff continued to live in the Tradd Property. Delta allegedly first sold the Tradd HELOC in February 2012 (pre-petition). The Tradd HELOC was then sold to Park Tree Investments 20, LLC ("PTI20") by May 23, 2017. Park Tree Investments, LLC ("PTI") was identified as the servicer. PTI transferred servicing of the Tradd HELOC in May 2018 to FCI.

District Court Litigation

On May 26, 2020, Plaintiff filed a complaint in the United States District Court for the Northern District of Georgia, *Ohai v. Delta Community Credit Union et al* Civil Action No. 1:20-cv-02220-SCJ-JEM against Delta, PNC, FCI, PTI, and others. PTI20 was not named as a defendant. Plaintiff alleged violations of several consumer protection statutes (the Fair Credit Reporting Act ("FCRA"), Equal Credit Opportunity Act ("ECOA"), Fair Debt Collection Practices Act ("FDCPA"), Georgia Fair Business Practices Act ("GFBPA")), invasion of privacy, and "defamation—libel".

The District Court dismissed Plaintiff's claims against PNC and FCI (District Court Doc. No. 236). The District Court dismissed all counts against Delta except for Plaintiff's claim that Delta violated the ECOA when it allegedly denied Plaintiff's application to refinance in October 2019 and allegedly failed to provide requisite notice regarding the application. The District Court initially dismissed the complaint against PTI on the basis that PTI was a note owner and thus not subject to the FDCPA. The District Court later vacated its ruling after determining that PTI was a loan servicing agent and PTI20 was the owner of the subject note. The FDCPA claim against PTI

3

remains pending.

### Adversary Proceeding

On March 29, 2023, Plaintiff filed the complaint against his former mortgage holders, certain debt collectors, and a consumer reporting agency. The complaint relates to two separate properties, but the actions of the Park Tree Defendants and Delta only relate to the Tradd Property; the actions of PNC relate to the Lithonia Property.

The Park Tree Defendants, collectively with Dean Engle ("Engle"), and Phillip L. Jauregui d/b/a Jauregui & Lindsey and Michael W. Lindsey d/b/a Jauregui & Lindsey, LLC, filed a Motion to Dismiss (Doc. No. 6), which the Court granted in part and denied in part (Doc. No. 37). PNC filed a Motion to Dismiss (Doc. No. 12), which the Court denied (Doc. No. 34). Delta filed a Motion to Dismiss (Doc. No. 11), which the Court granted in part and denied in part. As a result, Defendants Jauregui & Lindsay LLC ("J&L"), Phillip L. Jauregui, Michael W. Lindsey, Dean Engle, Daniel I. Singer and Singer Law Group, and MicroBilt Corporation were dismissed entirely from the Complaint. The following claims remain pending:

- Plaintiff's claim Delta violated the discharge injunction by asking him to make a payment on the debt based on a 2019 call;

- All claims remain against PNC, including the claims PNC violated the automatic stay by filing an action to rescind a foreclosure and continuing collection efforts; and the claims PNC violated the discharge injunction by sending loan account statements, filing a 1099-C tax form, and continuing collection efforts;

- Plaintiff's claim PTI violated the discharge injunction by sending Plaintiff monthly mortgage statements and by requesting Plaintiff's credit report;

- Plaintiff's claim FCI violated the discharge injunction by sending Plaintiff monthly mortgage statements; and

- Plaintiff's claim PTI20 is liable for the acts of PTI and FCI in violation of the discharge injunction by sending monthly mortgage statements and by PTI requesting Plaintiff's credit report from MicroBilt remains (provided Plaintiff properly obtains and serves PTI20 with an alias summons).

On September 11, 2023, Plaintiff filed the Motion. Plaintiff seeks to amend the Complaint to add five new claims:

1) Wrongful foreclosure, fraud, and conversion against PTI20, FCI, and J&L;

2) Fraud, breach of contract, and breach of implied covenant of good faith and fair dealing against Delta;

3) Violation of the FDCPA against the Park Tree Defendants;

4) Damages pursuant to O.C.G.A. §44-14-3 against PNC, Delta, and PTI20 for their alleged failure to cancel their respective security deeds; and

5) Damages under 26 U.S.C. § 7434 against PNC for filing Form 1099-C and against FCI for filing Form 1098.

## II.    ANALYSIS

Rule 15 of the Federal Rules of Civil Procedure, made applicable to bankruptcy by Rule 7015 of the Federal Rules of Bankruptcy Procedure, governs amended pleadings. The rule provides:

> (1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:
>
>> (A) 21 days after serving it, or
>>
>> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

As Plaintiff's right to amend the Complaint as a matter of course has expired under Fed. R. Civ. P. 15(a)(1), Plaintiff may amend the Complaint only with Defendants' consent or with leave of the Court. Fed. R. Civ. P. 15(a)(2); Fed. R. Bankr. P. 7015. "The court should freely give leave when

5

justice so requires." Fed. R. Civ. P. 15(a)(2); Looney v. Owens (In re Owens), 2006 WL 6589884, at *1 (Bankr. N.D. Ga. Oct. 11, 2006) (citing Jameson v. The Arrow Co., 75 F.3d 1528, 1534-35 (11th Cir. 1996)).

"A motion for leave to amend may be denied (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." In re Engle Cases, 767 F.3d 1082 (11th Cir. 2014); see also Rosen v. TRW, Inc., 979 F.2d 191 , 194 (11th Cir. 1992).

### A. Lack of Jurisdiction and Abstention

First, the Court denies the Motion because the claims Plaintiff seeks to add are non-core claims over which the Court does not have jurisdiction. Bankruptcy court jurisdiction is codified in 28 U.S.C. § 1334(b) and 28 U.S.C. § 157. Pursuant to 28 U.S.C. § 1334, "district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). The bankruptcy court's jurisdiction is derivative of and dependent upon these bases. Cont'l Nat'l Bank of Miami v. Sanchez (In re Toledo), 170 F.3d 1340, 1344 (11th Cir. 1999) (citing Celotex Corp. v. Edwards, 514 U.S. 300 (1995)). Pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(b), this Court may exercise jurisdiction in three categories of civil proceedings: those that arise under title 11, those that arise in cases under title 11, and those that relate to cases under title 11. Toledo, 170 F.3d at 1344.

The first category of cases, "arising under" proceedings, are matters invoking a substantive right created by the Bankruptcy Code. Id. at 1345. Such matters are considered core proceedings. Id. at 1348 (citing Wood v. Wood (In re Wood), 825 F.2d 90, 97 (5th Cir. 1987)).

6

The second category, "arising in a case under title 11," involves matters that could arise only in bankruptcy. "Arising under" jurisdiction involves "a substantive right created by the Bankruptcy Code," while "arising in" jurisdiction pertains to claims that are "not based on any right expressly created by title 11, but nevertheless could have no existence outside of bankruptcy". Grausz v Englander, 321 F 3d 467, 471 (4th Cir. 2002). Typically, the facts giving rise to a claim "arising in" a bankruptcy case occur during the course of the bankruptcy case. See Mercer v Allen, 2014 WL 185252 (M.D. Ga. Jan 15, 2014); In re Taylor, 2006 WL 6591616 (Bankr. N.D. Ga. May 4, 2006). These matters also typically constitute core proceedings.

The third category of cases involves matters relating to a case under title 11. This group includes matters that "could have a material effect on the administration of the case or claims against the bankruptcy estate, but such a claim could exist outside of bankruptcy." See Customized Distrib., LLC v. Coastal Bank & Tr. (In re Lee's Famous Recipes, Inc.), 2011 WL 7068916, at *3 (Bankr. N.D. Ga. Dec. 12, 2011) (citing Schroeder v. New Century Holdings, Inc. (In re New Century Holdings, Inc.), 387 B.R. 95, 104 (Bankr. D. Del. 2008)). A civil proceeding is related to a bankruptcy case if "the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy." Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984); Celotex, 514 U.S. at 308. Matters subject to the Court's "related to" jurisdiction are typically non-core.

A bankruptcy judge may hear non-core matters subject to "related to" jurisdiction, but absent consent of the parties, must submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment is entered by the district court after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected. 28 U.S.C. §§ 157(c)(1) and (c)(2).

Plaintiff's new claims are non-core claims not subject to the Court's jurisdiction. They do not arise under the Bankruptcy Code—they all arise under state and federal law, as evident by the references to both Georgia law and federal law. The claims did not arise in Plaintiff's bankruptcy case as all of the alleged facts in the amended complaint occurred years after Plaintiff filed bankruptcy. The claims, therefore, did not arise in the bankruptcy case or under the Bankruptcy Code. The additional claims are not related to the bankruptcy case, as there is no estate being administered in bankruptcy, and the outcome of the claims benefits Plaintiff personally, not his Chapter 7 estate. Not only are Plaintiff's claims not included on the list of core proceedings set forth in 28 U.S.C. § 157(b)(2), but the claims "would continue to exist independent of the provisions of Title 11" such that "neither the rights nor obligations of the parties would be significantly affected as a result of the filing of the bankruptcy case." In re Blackman, 2017 WL 6033418, at *3 (Bankr. N.D. Ga. Dec. 5, 2017). The bankruptcy court therefore has no jurisdiction over these claims and, even if it did have "related to" jurisdiction, as these are not core proceedings, the Court cannot enter a final judgment without the parties' consent. 28 U.S.C. § 157(c); In re Laforest, 2019 WL 2612717, at *7 (Bankr. N.D. Ga. June 24, 2019).

Further, under 28 U.S.C. § 1334(c)(1), the Court has discretion to abstain from hearing a case over which it has jurisdiction "in the interest of justice, or in the interest of comity with State courts or respect for state law." Id. Courts may exercise their authority to abstain *sua sponte*. Carver v. Carver, 954 F.2d 1573, 1579 (11th Cir. 1992). The Court would abstain from hearing the claims raised in the amendment even if it has jurisdiction. Courts employ a multifactor test to determine whether abstention is appropriate. Courts consider the following nonexclusive factors:

(1) the effect, or lack thereof, on the efficient administration of the bankruptcy estate if the discretionary abstention is exercised;
(2) the extent to which state law issues predominate over bankruptcy issues;
(3) the difficulty or unsettled nature of the applicable law;

8

Case 23-05041-wlh    Doc 69    Filed 10/19/23    Entered 10/19/23 10:22:48    Desc Main
Document      Page 9 of 16

(4) the presence of related proceedings commenced in state court or other non-bankruptcy court;
(5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334;
(6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
(7) the substance rather than form of an asserted "core" proceeding;
(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
(9) the burden of the bankruptcy court's docket;
(10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
(11) the existence of a right to a jury trial; and
(12) the presence in the proceeding of non-debtor parties.

Ret. Sys. of Alabama v. J.P. Morgan Chase & Co., 285 B.R. 519, 530–31 (M.D. Ala. 2002).

These factors weigh in favor of abstention here. First, the amendment raises state law and other federal law issues and not bankruptcy issues and this proceeding is, at best, loosely related to Plaintiff's bankruptcy case. Plaintiff's new causes of action are not created by the Bankruptcy Code, do not arise only in bankruptcy proceedings, and did not arise in this bankruptcy case. The Bankruptcy Court does not have jurisdiction of the causes of action or, if it has "related to" jurisdiction, no independent basis for jurisdiction in this Court exists. Indeed, such actions can and do exist outside the bankruptcy context. In fact, Plaintiff has already asserted several of these claims in the District Court action. For example, Plaintiff asserted FCI violated the FDCPA, and the District Court has already ruled that his claim under the FDCPA is time-barred. (District Court Doc. No. 209).

Further, the outcome of this adversary proceeding cannot conceivably have any effect on the bankruptcy case because there is no estate being administered in bankruptcy. Any potential recovery for a wrongful foreclosure will not affect and will not benefit Plaintiff's former bankruptcy estate, only Plaintiff individually. This case would thus place an additional burden on the Court's docket without impacting Plaintiff's bankruptcy case. Moreover, issues relating to the

9

foreclosure can be resolved in another forum, and Plaintiff can pursue a determination of his property interests in a court with jurisdiction. The claims raised in the amendment may entitle these non-debtor defendants to a jury trial, which is not conducted by this Court. Finally, Plaintiff's request to amend his Complaint looks like forum shopping since a District Court case is already pending among these parties. Abstention will not prejudice any party. Thus, abstention from hearing the amended complaint is appropriate under 28 U.S.C. § 1334(c).

### B. Prejudice

"[P]rejudice to the non-moving party is the touchstone for the denial of an amendment." In re EP Liquidation, LLC, 583 B.R. 304, 312 (Bankr. D. Del. 2018). Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing. In re Miller, 2022 WL 19407641, at *2 (Bankr. M.D.N.C. Sept. 12, 2022). A common example of a prejudicial amendment is one that "raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial." Id.; see also PCH Mut. Ins. Co., Inc. v. Casualty & Sur., Inc., 271 F.R.D. 4, 7 (D.D.C.2010) ("An opposing party may establish sufficient prejudice to warrant the denial of leave to amend by showing that the amendment bears only a tangential relationship to the complaint or changes the character of the litigation. . . ."). An amendment is not prejudicial, by contrast, if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred. Davis v. Piper Aircraft Co., 615 F. 2d 606, 613 (4th Cir. 1980) ("Because defendant was from the outset made fully aware of the events giving rise to the action, an allowance of the amendment could not in any way prejudice the preparation of the defendant's case."). "Courts also deny leave to amend when granting the motion would cause significant added expense and burden on the non-moving party." Bailey v. City of Douglasville, 2014 WL 12634308, at *4 (N.D. Ga.

10

Feb. 14, 2014), report and recommendation adopted, 2014 WL 12634932 (N.D. Ga. Mar. 6, 2014). The court should also consider the surrounding circumstances. Miller, 2022 WL 19407641, at *2.

In Miller, 2022 WL 19407641, for example, the court found the proposed amended complaint attempted to clean up the original complaint (which was filed pro se), added some specificity to claims, and abandoned certain claims for relief. The proposed amended complaint contained factual allegations and legal claims that arose from the same controversy as the balance of the original complaint. The court found the defendants were not unfairly prejudiced by permitting an amendment. See also PCH Mut. Ins. Co., 271 F.R.D. 4 (finding no undue prejudice where proposed amendment related to a claim arising out of the same contract and conduct implicated in the other causes of action). In contrast, in Mero v. City of Segway Tours of Washington DC, LLC, 2012 WL 13059946, at *4 (D.D.C. June 7, 2012), the court denied leave to amend where the new causes of action would completely refocus the litigation.

Plaintiff's proposed amended complaint does not merely add specificity or attempt to clean up the original complaint. It adds entirely new claims arising out of different conduct than that alleged in the Complaint. It alleges a wrongful foreclosure in 2023, long after the discharge violations alleged in the Complaint. It alleges deed holders should have cancelled their liens, which is different from the prior alleged misconduct of sending statements. The Court recognizes that some of the allegations in the amendment are related to or are part of a continuing course of conduct by Defendants alleged in the Complaint. But the focus of the amendment is substantively different from that of the Complaint, and the amendment claims were not asserted in the Complaint. Plaintiff has moved from a bankruptcy-focused adversary proceeding to a wide-ranging, kitchen sink complaint alleging a variety of state and federal causes of action. Moreover,

11

while Plaintiff seeks to amend his complaint to alter the theories of the case, the Motion was only filed after the Court found some of his prior theories to be not plausible.

Further, adding a party that has already been dismissed may be prejudicial, particularly where the prior dismissal was on the merits and not challenged on appeal. Streambend Properties II, LLC v. Ivy Tower Minneapolis, LLC, 781 F.3d 1003, 1010 (8th Cir. 2015). For example, in Darren Norman v. C. Wu et al. Additional Party Names: Dr. Cheng Wu, Osariemen Eguavoen, 2021 WL 6496842, at *2 (C.D. Cal. Oct. 26, 2021), the court found allowing plaintiff to re-add a defendant after the claim against him had been dismissed would unduly prejudice the proposed defendant. See also Johnson v. Frauenheim, 2021 WL 3910739 (E.D. Cal. Sept. 1, 2021) (denying pro se plaintiff's motion for leave to amend insofar as it sought to re-add claims against two defendants who had previously been dismissed). Here, J&L, Engle, Phillip L. Jauregui, Michael W. Lindsey, Daniel I. Singer and Singer Law Group, and MicroBilt Corporation have been dismissed by the Court as defendants, and the dismissals were on the merits of Plaintiff's claim (Docs. Nos. 35, 36, & 37).

Plaintiff not only asserts new claims against the remaining Defendants (Delta, PNC, and the Park Tree Defendants), Plaintiff also seeks to assert a claim of "willful wrongful foreclosure, fraud, and conversion" against J&L and a claim for violations of the FDCPA against Engle. The Court previously dismissed the Complaint in full as to J&L and Engle. Plaintiff did not seek reconsideration or appeal the Court's ruling. Rather, he filed the Motion seeking to re-add J&L and Engle to the litigation.

The Court finds undue prejudice would result from allowing the amendment because the proposed new causes of action would refocus the litigation and force defendants to engage in additional briefing and potentially extensive discovery on completely new claims that are

12

tangentially related to his core claim that Defendants violated the discharge injunction and would require the addition of Defendants previously dismissed.

### C. Futility

A motion for leave to amend the complaint should be dismissed if futile—i.e. "where the new claims asserted would be subject to dismissal as a matter of law." Hall v. United Ins. Co. of America, 367 F.3d 1255, 1263 (11th Cir. 2004) (citing Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir. 1999)); see also Halliburton & Assocs., Inc. v. Henderson, Few & Co., 774 F.2d 441, 444 (11th Cir. 1985) ("If a complaint as amended is still subject to dismissal, leave to amend need not be given."); No Straw, LLC v. Stout St. Funding, LLC, 2013 WL 2951064, at *7 (N.D. Ga. June 14, 2013) ("Since 'justice does not require district courts to waste their time on hopeless cases, leave may be denied if a proposed amendment fails to correct the deficiencies in the original complaint or otherwise fails to state a claim.'" (quoting Mizzaro v. Home Depot, Inc., 544 F.3d 1230, 1255 (11th Cir. 2008)). Accordingly, a court must consider whether an amended claim would survive a motion to dismiss for failure to state a claim.

A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A complaint is plausible on its face when the plaintiff pleads factual content necessary for the court to draw the reasonable inference the defendant is liable for the conduct alleged. Id. The facts alleged must be taken as true, and dismissal is inappropriate merely because it appears unlikely the plaintiff can prove those facts or will ultimately prevail on the merits. Official Comm. of Unsecured Creditors of Tousa, Inc. v. Technical Olympic, S.A. (In re Tousa), 437 B.R. 447, 452 (Bankr. S.D. Fla. 2010) (citing Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008)). As stated above, all the amendment is

13

futile because the Court lacks jurisdiction over the proposed claims or would abstain from hearing them. But, many of the claims Plaintiff seeks to add are futile on the merits including, for example, his claims of wrongful foreclosure, breach of implied covenant of good faith and fair dealing, and violation of the FDCPA.

First, Plaintiff seeks to add a claim for willful wrongful foreclosure. While Plaintiff seems to allege that Defendants could not foreclose on the Tradd Property after his bankruptcy case was discharged, "the discharge injunction does not prohibit a secured creditor from enforcing a valid prepetition mortgage lien." Best v. Nationstar Mortg. LLC, 540 B.R. 1, 9 (B.A.P. 1st Cir. 2015). Further, Georgia law requires that a party first tender the amount due under the note and security deed before seeking the equitable remedy of wrongful foreclosure. See Edward v. BAC Home Loans Serv., L.P., 534 F. App'x 888, 892 (11th Cir. 2013) (citing Taylor, Bean & Whitaker Mortg. Corp. v. Brown, 276 Ga. 848 (Ga. 2003); Smith v. Citizens & S. Fin. Corp., 245 Ga. 850 (Ga. 1980). "In order to constitute a proper tender, the tender must be certain and unconditional, and be in full payment of the specific debt." Edward, 534 F. App'x at 892 (citing O.C.G.A. § 13-4-24). Georgia law has consistently held that a mere proposal to pay money, with no offer of cash, does not constitute a valid tender. See Angier v. Equitable Bldg. & Loan Ass'n, 109 Ga. 625 (Ga. 1900). Plaintiff does not allege he effected a valid tender or offered to tender the required funds. Because Plaintiff failed to allege a proper tender occurred, Plaintiff's wrongful foreclosure claim is not plausible on its face. Moreover, the basis of Plaintiff's claim for wrongful foreclosure, fraud, and conversion is that the Tradd HELOC was paid by insurance. But Plaintiff's own allegations show that although Delta may have been paid, the debt was not, and it was transferred to the insurance company. The insurance payment acted much like a payment by a guarantor, where the lender is satisfied but the guarantor is subrogated to the rights of the lender and can collect the debt. See

14

O.C.G.A. § 10-7-56. The allegations show no plausible claim.

Plaintiff also alleges Delta violated the duty of good faith inherent in all contracts by failing to cancel its security deed and causing a notice of default to be issued. This claim is futile because, under Georgia law, there is no independent cause of action for a breach of the duty of good faith. While there is a common law duty to diligently and in good faith seek to comply with all portions of the terms of a contract, Brack v. Brownlee, 246 Ga. 818 (Ga. 1980), the common law requirement of good faith and fair dealing in the performance of a contract does *not* create an independent cause of action apart from breach of contract. Alan's of Atlanta, Inc. v. Minolta Corp., 903 F.2d 1414, 1429 (11th Cir. 1990).

Next, Plaintiff seeks to assert a claim for violation of the FDCPA against the Park Tree Defendants. The FDCPA authorizes private civil actions against debt collectors who engage in certain prohibited practices. An FDCPA action must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d); Rotkiske v. Klemm, 140 S. Ct. 355, 357 (2019). As the Supreme Court has said, the "language unambiguously sets the date of the violation as the event that starts the one-year limitations period." Id. at 360. The acts of which Plaintiff complains in the amended complaint occurred July 31, 2017; July 11, 2018; August 2019; November 13, 2019; and April 3, 2021. Plaintiff filed the amended complaint on September 11, 2023, more than a year after all of the incidents he alleges violated the FDCPA. Accordingly, the FDCPA claim is time-barred, and amendment would be futile.

### V.    CONCLUSION

For the reasons stated above, the claims which Plaintiff seeks to add are futile. The Court has no jurisdiction over them and, even if it did, would abstain from hearing them. The claims are unrelated to the Bankruptcy Code, have no effect on the bankruptcy case, and can be brought in

15

the appropriate state and federal courts. Moreover, adding these claims is prejudicial to the parties already dismissed, and to those still in the case because it converts a straightforward automatic stay and discharge injunction violation case into a kitchen sink all-encompassing state and non-bankruptcy law case. Accordingly,

**IT IS ORDERED** that the Motion is **DENIED**.

**END OF DOCUMENT**

**Distribution List**

Emmanuel O. Ohai
863 Flat Shoals Rd. SE
C #155
Conyers, GA 30094

Larry W. Johnson
138 Hammond Drive, Suite B
Atlanta, GA 30328

Charles H. Van Horn
Daniel H Park
Carson L. Modrall
Berman Fink Van Horn, P.C.
3475 Piedmont Road, N.E.
Suite 1640
Atlanta, Georgia 30305

William Lasker
Ballard Spahr LLP
One Utah Center, Suite 800
201 South Main Street
Salt Lake City, UT 84111-2221