**IT IS ORDERED as set forth below:**



**Date: January 23, 2024**

_____
**Wendy L. Hagenau
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 12-65475-WLH |
| EMMANUEL OHAI, | CHAPTER 7 |
| Debtor. | |
| EMMANUEL OHAI, | ADVERSARY PROCEEDING NO. 23-5041-WLH |
| Plaintiff, | |
| v. | |
| DELTA COMMUNITY CREDIT UNION, PNC BANK NATIONAL ASSOCIATION, INC., DEAN ENGLE & PARK TREE INVESTMENTS, LLC, PARK TREE 20 INVESTMENTS, LLC, FCI LENDER SERVICES, INC., DANIEL I. SINGER & SINGER LAW GROUP, PHILLIP L. JAUREGUI D/B/A JAUREGUI & LINDSAY LLC, MICHAEL W. LINDSEY D/B/A, JAUREGUI & LINDSEY, LLC, MICROBILT CORPORATION, | |
| Defendants. | |

### ORDER ON PLAINTIFF'S MOTIONS TO COMPEL DISCOVERY RESPONSES, FOR MONETARY SANCTIONS, TO SEEK EXTENSION OF THE DISCOVERY PERIOD OR IN THE ALTERNATIVE TO GRANT SUMMARY JUDGMENT

**THIS MATTER** is before the Court on two motions to compel: 1) Plaintiff's Motion to Compel Discovery Responsive to Plaintiff's First Set of Interrogatories and Requests for Documents and Motion for Monetary Sanctions against Defendants FCI Lender Services, Inc. ("FCI") and Park Tree Investments, LLC ("PTI") and to Seek Extension of the Discovery Period/Time (Doc. No. 79); and 2) Plaintiff's Motion to Compel Discovery to Plaintiff's First Set of Interrogatories and Requests for Documents and Motion for Monetary Sanctions Against Defendant Park Tree Investments 20, LLC ("PTI20") or in the Alternative Grant Summary Judgment Against PTI20 on All Claims (Doc. No. 80) (collectively the "Motions"), the responses thereto (Docs. Nos. 87, 88, 93, & 94), and Plaintiff's Reply (Doc. No. 98). The Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(a), and the claim of violating the discharge injunction is a core proceeding under 28 U.S.C. § 157(b)(2)(A) & (O). See In re Golden, 630 B.R. 896, 920 (Bankr. E.D.N.Y. 2021) (it is axiomatic that this Court has subject matter jurisdiction to consider such core matters); In re Harlan, 402 B.R. 703, 710 (Bankr. W.D. Va. 2009).

**I.    BACKGROUND**

The facts relating to this adversary proceeding are set out in the Court's Order on the Engle Defendants Motion to Dismiss (Doc. No. 37) and incorporated herein. As more fully explained in that order, Plaintiff and his now ex-wife purchased their primary residence at 2715 Tradd Court, Snellville, Georgia (the "Tradd Property") in April 2006 and executed a note and security deed in favor of Delta Community Credit Union ("Delta") (the "Tradd Mortgage Loan"). In March 2008, Plaintiff and his now ex-wife obtained a home equity loan in the amount of $46,000 from Delta,

2

secured by a second security deed (the "Tradd HELOC"). Plaintiff and his now ex-wife defaulted on the Tradd HELOC in 2010.

On June 20, 2012, Plaintiff and his now ex-wife filed a petition under Chapter 7 of the Bankruptcy Code. The Plaintiff and his now ex-wife received a discharge on October 5, 2012 (Bankr. Doc. No. 14), and the case was closed.

The Tradd HELOC was sold to PTI20 by May 23, 2017. PTI was identified as the servicer. PTI transferred servicing of the Tradd HELOC in May 2018 to FCI, which is also a loan servicer.

On March 29, 2023, Plaintiff filed the complaint against PTI, PTI20, and FCI (collectively "Respondents"), as well as his former mortgage holders, certain debt collectors, and a consumer reporting agency. After considering various motions to dismiss, the Court granted in part and denied in part the Motion to Dismiss related to Respondents (Doc. No. 37). The following claims remain pending as to Respondents:

- Plaintiff's claim PTI violated the discharge injunction by sending Plaintiff monthly mortgage statements and by requesting Plaintiff's credit report;
- Plaintiff's claim FCI violated the discharge injunction by sending Plaintiff monthly mortgage statements; and
- Plaintiff's claim PTI20 is liable for the acts of PTI and FCI for sending monthly mortgage statements in violation of the discharge injunction and by PTI requesting Plaintiff's credit report.

(Doc. No. 38.)

Thereafter, Plaintiff propounded discovery requests, including interrogatories and requests for the production of documents, on Respondents as follows:

3

- On October 23, 2023, Plaintiff sent his first set of interrogatories and requests for production to FCI (Doc. No. 73). FCI sent timely written responses to Plaintiff on November 17, 2023 (Doc. No. 74).

- Plaintiff contends he sent interrogatories and requests for production to PTI20 on October 30, 2023. No certificate of service was filed on the docket, and PTI20 claims it did not actually receive the discovery requests. On December 14, 2023, Plaintiff allegedly emailed PTI20's counsel about PTI20's responses. Counsel disputes receiving the email. On January 3, 2024, PTI20 sent responses to Plaintiff's discovery requests (Doc. No. 95).

- On November 6, 2023, Plaintiff sent interrogatories and requests for production to PTI (Doc. No. 75). PTI sent timely written responses to Plaintiff's first set of interrogatories and first request for production of documents on December 5, 2023 (Doc. No. 77). A second certificate of service indicates PTI sent responses to Plaintiff on December 21, 2023 (Doc. No. 86). Plaintiff served a second set of interrogatories and requests for production to PTI on December 30, 2023 (Doc. No. 89).

Plaintiff now seeks an order compelling PTI20 to respond to his discovery requests and an order compelling the production of documents and further interrogatory responses by PTI, FCI, and PTI20, as well as an award of sanctions and an extension of the discovery period. Plaintiff also seeks, in the alternative, summary judgment in his favor against PTI20 on all claims.

**I.     MOTIONS TO COMPEL**

The Motions to Compel are procedurally defective. Discovery in this adversary proceeding is controlled by Rule 7037 of the Federal Rules of Bankruptcy Procedure, which incorporates Rule

4

37 of the Federal Rules of Civil Procedure. A party seeking discovery must complete several steps before court intervention is appropriate:

> The party seeking discovery must first direct its request to the opposing party. If the opposing party fails to provide the materials, the party must personally consult with the opposing party and attempt to resolve their differences. If the party is still unable to obtain discovery, he may file a motion to compel discovery with the Court pursuant to Fed. R. Civ. P. 37(a).

Dauska v. Green Bay Packaging Inc., 291 F.R.D. 251, 258 (E.D. Wis. 2013).

A motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a). Bankruptcy Local Rule 7037-1(a) also provides that "[c]ounsel and unrepresented parties have the duty to make a good faith effort to resolve by agreement among themselves any disputes that arise in the course of discovery." BLR 7037-1(a). To that end, Bankruptcy Local Rule 7037-1(b) requires that the moving party "attach to the motion a statement certifying that counsel for movant, or the movant, if unrepresented, has in good faith conferred or attempted to confer with the party not making disclosure or discovery in an effort to secure disclosure or discovery by agreement but that such efforts were not successful." BLR 7037-1(b). A motion to compel is procedurally defective and should be denied where the movant fails to attach the required certification. See In re Noble, 2009 WL 6499213, at *1 (Bankr. N.D. Ga. Aug. 21, 2009). A certification must convey the "essential facts sufficient to enable the court to make a preliminary judgment on the adequacy and sincerity of the conferment." In re Johnson, 408 B.R. 115, 120 (Bankr. S.D. Ohio 2009) (citing Shuffle Master, Inc. v. Progressive Games, Inc., 170 F.R.D. 166, 170 (D. Nev. 1996). Thus, the certification should identify the specific discovery disputes. "A cursory recitation that counsel were 'unable to resolve the matter' is insufficient." Id.

5

The purpose of this requirement is to prevent the Court from having to consider disputes that could have been easily and more quickly resolved by the parties without court intervention. In re Johnson, 2017 WL 6371347, at *4 (Bankr. N.D. Ga. Dec. 12, 2017) (citing Robledo v. Taylor, 2016 WL 7385007, at *3 (D. Ariz. Dec. 21, 2016) ("Federal Rule 37(d)(1)(B) serves a valuable purpose in reminding parties that the role of a federal court is not to micromanage all disputes between parties during discovery.")). "The consultation obligation promotes a frank exchange between [the parties] to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." Moser v. Health Ins. Innovations, Inc., 2018 WL 6078308, at *2 (S.D. Cal. Nov. 20, 2018). The rule requires the parties make a genuine effort to confer, compare views, and consult to resolve the dispute. See Compass Bank v. Shamgochian, 287 F.R.D. 397, 400 (S.D. Tex. 2012). "The meet and confer requirement is not merely a formalistic prerequisite to the resolution of discovery disputes and cannot be met by simply showing that the discovery in question was requested more than once." Wilson v. Aargon Agency, Inc., 262 F.R.D. 561, 564 (D. Nev. 2010); see also Compass Bank v. Shamgochian, 287 F.R.D. 397, 399 (S.D. Tex. 2012) (good faith "cannot be shown merely through the perfunctory parroting of statutory language . . . rather[,] it mandates a genuine attempt to resolve the discovery dispute through non-judicial means."); Cotracom Commodity Trading Co. v. Seaboard Corp., 189 F.R.D. 456, 459 (D. Kan. 1999) ("parties do not satisfy the conference requirements simply by requesting or demanding compliance with the requests for discovery" by an arbitrary deadline). Rather, "the parties must present to each other the merits of their respective positions with the same specificity with which they would brief the discovery dispute." Wilson, 262 F.R.D. at 564.

Although Plaintiff has described his efforts to obtain discovery in the body of the Motions and has attached correspondence to demonstrate the nature of these efforts, he has not attached a

separate statement as required by the Federal Rules of Civil Procedure, Federal Rules of Bankruptcy Procedure, and the Bankruptcy Local Rules. Moreover, while Plaintiff and counsel for Respondents did communicate via email, the fact remains that the parties did not meet and confer, as contemplated by the applicable rules. Plaintiff and counsel for Respondents communicated about the timing of the document production—i.e. when Plaintiff would receive the requested documents—but not about the specific answers or documents Plaintiff sought. The purpose of the requirement to meet and confer is to identify a specific problem. Plaintiff has not identified a specific problem, so it is not apparent to the Court whether he seeks Court involvement to resolve a lack of response, an objection that he believes is not well founded, or missing documents. The issues could have been resolved, or at least significantly narrowed, had Plaintiff and counsel for Respondents simply discussed these issues in person or over the telephone.

Putting aside the procedural defects, Plaintiff asks the Court to compel PTI20 to respond to his discovery requests and the production of documents by Respondents. All the Respondents have now responded to Plaintiff and produced documents, so these requests are moot. Plaintiff also contends that Respondents' responses are incomplete. The Court does not have sufficient information to make that determination since Plaintiff has not identified the particular issues. Plaintiff needs to communicate to counsel for Respondents exactly what he thinks is missing from the interrogatory responses and the documents produced. Then counsel can respond. If Plaintiff is not satisfied, he can identify the specific problem(s) in a certification with a new motion to compel.

While the Court is not deciding the issue, the Court notes that the issues remaining in this adversary proceeding are limited to the question of whether the specific acts of sending monthly statements and requesting Plaintiff's credit report violated the discharge injunction. It is thus

7

unlikely that discovery regarding the transfer of the debt or the validity of the foreclosure will be relevant to the resolution of the adversary proceeding.

Accordingly, the Motions are procedurally defective and will be denied without prejudice to Plaintiff's right to file a motion to compel if appropriate after the parties have conferred in a good faith effort to determine whether this dispute can be resolved.

## II.   REQUEST TO EXTEND THE DISCOVERY PERIOD

In the title of the Motion seeking to compel discovery from PTI and FCI, Plaintiff seeks to extend the discovery period/time. Pursuant to the Scheduling Order (Doc. No. 38) entered on August 23, 2023, the deadline to complete discovery is January 31, 2024. The "conduct of discovery [is] committed to the sound discretion of the . . . court." In re Wittmer, 2013 WL 3779574, at *3 (Bankr. N.D. Ohio July 18, 2013) (citation omitted). Federal Rule of Bankruptcy Procedure 7016, which incorporates Federal Rule of Civil Procedure 16 into bankruptcy practice, requires "good cause" to modify a scheduling order.

Plaintiff has not demonstrated good cause to modify the Scheduling Order. In fact, Plaintiff does not request a specific time or even address the request to extend discovery in the Motion at all. Plaintiff's request to extend the discovery period in the title of the Motion is not enough to support a modification of the Court's Scheduling Order under Fed. R. Civ. P. 16(b)(4). See In re Dabney, 604 B.R. 233, 239 (Bankr. D.S.C. 2019) (denying request to extend discovery deadline where plaintiffs failed to satisfactorily explain why the discovery deadline could not have been met with their diligent effort). Accordingly, Plaintiff's request to extend the discovery deadline is denied without prejudice.

## III.   REQUEST FOR SUMMARY JUDGMENT

Plaintiff seeks, in the alternative, summary judgment in his favor against PTI20 on all

8

claims. Motions for summary judgment are governed by Federal Rule of Civil Procedure 56, made applicable to contested matters by Federal Rules of Bankruptcy Procedure 7056 and 9014. Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law". Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(c) ; Fed. R. Bankr. P. 7056(c). "The substantive law [applicable to the case] will identify which facts are material." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party moving for summary judgment has the burden of proving there are no disputes as to any material facts. Hairston v. Gainesville Sun Pub. Co., 9 F.3d 913, 918 (11th Cir. 1993). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. The party moving for summary judgment has "the initial responsibility of informing the . . . court of [the] basis for its motion[.]" U.S. v. Four Parcels of Real Prop., 941 F.2d 1428, 1437 (11th Cir. 1991) (citing Celotex Corp., 477 U.S. at 323). Bankruptcy Local Rule 7056-1 requires the movant to file a separate statement of facts, numbered separately, as to which it contends there are no genuine issues to be tried. BLR 7056-1(a)(1). Facts set forth in the statement of facts must be supported by "citing to particular parts of materials in the record, including . . . affidavits . . . ." Rule 56(c)(1); see also In re Lett, 635 B.R. 713, 716–17 (Bankr. N.D. Ga. 2022).

Plaintiff did not file "a separate and concise statement of the material facts, numbered separately, as to which the movant contends no genuine issue exits to be tried." BLR 7056-1(a)(1). He has not provided any statement of material facts. Instead, Plaintiff combined his bare bones request for summary judgment without any factual support with his request to compel discovery responses from PTI20. Without a statement of material facts from Plaintiff, PTI20 cannot

9

determine whether to dispute any asserted facts, and the Court cannot determine whether Plaintiff is entitled to judgment as a matter of law.

Moreover, Plaintiff requests summary judgment as a sanction, which is not generally available. Summary judgment is available only on a party's claims, counterclaims, crossclaims, and requests for declaratory relief. Fed. R. Civ. P. 56(c). Federal Rule of Civil Procedure 37(b) however, provides that, in certain circumstances, the Court may strike a pleading and render a default judgment against a disobedient party. Rule 37(b)(2) provides "[i]f a party . . . fails to obey an order to provide or permit discovery, . . . the court . . . may . . . render[ ] a default judgment against the disobedient party[.]" Fed. R. Civ. P. 37(b)(2)(A)(vi). This remedy is also available "where a party fails to provide answers to interrogatories or produce documents[.]" In re Buscone, 634 B.R. 152, 170 (B.A.P. 1st Cir. 2021), aff'd, 61 F.4th 10 (1st Cir. 2023) (citing Companion Health Servs., Inc. v. Kurtz, 675 F.3d 75, 84 (1st Cir. 2012); Fed. R. Civ. P. 37(d)(3)). The entry of a default judgment "provides a useful remedy when a litigant is confronted by an obstructionist adversary and plays a constructive role in maintaining the orderly and efficient administration of justice." Id. (citation and internal quotation marks omitted). While the rule gives the Court broad discretion to fashion appropriate remedies, the severe sanction sought by Plaintiff requires a finding of willful or bad faith failure to comply with discovery requests as well as a finding that lesser sanctions are insufficient to deter the complained of conduct. Malautea v. Suzuki Motor Co., Ltd., 987 F.2d 1536, 1542 (11th Cir. 1993); Rasmussen v. Central Florida Council Boy Scouts of America, Inc., 412 Fed. Appx. 230, 232 (11th Cir. 2011). Further, entering default judgment is not an appropriate discovery sanction in "the absence of either a motion to compel . . . or an order of the court compelling discovery." U.S. v. Certain Real Property Located at Route 1, Bryant, Ala., 126 F.3d 1314, 1318 (11th Cir. 1997); see e.g., In re Thong Hieu Nguyen, 2015 WL 1038414, at

*1–2 (Bankr. N.D. Ga. Feb. 13, 2015) (finding default judgment not appropriate where the plaintiff failed to file a motion to compel discovery and the court never issued an order compelling discovery).

Default judgment is not appropriate here. PTI20's counsel communicated with Plaintiff about discovery and stated he was undergoing a medical procedure, so he might be delayed in responding to Plaintiff's requests. After counsel recovered, PTI20 served responses to Plaintiff's discovery requests. Plaintiff asserts that PTI20's responses were evasive and incomplete, but that does not mean that they were not responses, at least for purposes of Rule 37(d). Johnson, 2017 WL 6371347, at *3; see also Zipperer v. Premera Blue Cross Blue Shield of Alaska, 2017 WL 2176518, at *1 (D. Alaska May 14, 2017) (stating that Rule 37(d) "applies where a party takes no action whatsoever in response to properly-served discovery requests"); Fox v. Studebaker–Worthington, Inc., 516 F.2d 989, 995 (8th Cir. 1975) ("Rule 37(d) sanctions only apply where there is a total non-compliance with discovery"). PTI20's conduct simply does not rise to the level of bad faith necessary to justify the entry of judgment against it. Further, the Court never issued an order compelling PTI20 to respond to Plaintiff's discovery requests and, therefore, under Eleventh Circuit precedent, the Court cannot enter judgment against PTI20 at this juncture. Route 1, 126 F.3d at 1318. Accordingly, the Court will not render judgment for Plaintiff. Plaintiff's request for summary judgment is denied without prejudice.

### V.    CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that the Motions are **DENIED WITHOUT PREJUDICE**.

**END OF DOCUMENT**

**Distribution List**

Emmanuel O. Ohai
863 Flat Shoals Rd. SE
C #155
Conyers, GA 30094

Larry W. Johnson
138 Hammond Drive, Suite B
Atlanta, GA 30328