**IT IS ORDERED as set forth below:**



**Date: February 28, 2024**

_____
**Wendy L. Hagenau**
**U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 12-65475-WLH |
| EMMANUEL OHAI, | CHAPTER 7 |
| Debtor. | |
| EMMANUEL OHAI, | ADVERSARY PROCEEDING NO. 23-5041-WLH |
| Plaintiff, | |
| v. | |
| DELTA COMMUNITY CREDIT UNION, PNC BANK NATIONAL ASSOCIATION, INC., DEAN ENGLE & PARK TREE INVESTMENTS, LLC, PARK TREE INVESTMENTS 20, LLC, FCI LENDER SERVICES, INC., DANIEL I. SINGER & SINGER LAW GROUP, PHILLIP L. JAUREGUI D/B/A JAUREGUI & LINDSAY LLC, MICHAEL W. LINDSEY D/B/A, JAUREGUI & LINDSEY, LLC, MICROBILT CORPORATION, | |
| Defendants. | |

1

### ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S AUGUST 23, 2023 ORDER

**THIS MATTER** is before the Court on the Plaintiff's Motion for Reconsideration of the Court's August 23, 2023 Order (Doc. No. 97) (the "Motion"). Plaintiff's seeks reconsideration of the Court's Order on MicroBilt Corporation's Motion to Dismiss (Doc. No. 36) ("MicroBilt Order"). MicroBilt Corporation ("MicroBilt") filed a response in opposition to the Motion (Doc. No. 115), and Plaintiff filed a reply in support of the Motion (Doc. No. 145). The Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(a), and the claim of violating the discharge injunction is a core proceeding under 28 U.S.C. § 157(b)(2)(A) & (O). See In re Golden, 630 B.R. 896, 920 (Bankr. E.D.N.Y. 2021) (it is axiomatic that this Court has subject matter jurisdiction to consider such core matters); In re Harlan, 402 B.R. 703, 710 (Bankr. W.D. Va. 2009).

**I.    FACTS**

The facts are set out in the Court's MicroBilt Order and are incorporated herein. As more particularly set out in that order, Plaintiff and his now ex-wife purchased their primary residence at 2715 Tradd Court, Snellville, Georgia (the "Tradd Property") in April 2006 and executed a note and security deed in favor of Delta Commercial Credit Union ("Delta") (the "Tradd Mortgage Loan"). In March 2008, Plaintiff and his now ex-wife obtained a home equity loan in the amount of $46,000 from Delta, secured by a second security deed on the Tradd Property (the "Tradd HELOC"). Plaintiff and his now ex-wife defaulted on the Tradd HELOC in 2010. The Tradd HELOC was subsequently sold by Delta and, in May 2017, it was sold again to Park Tree Investments 20, LLC, with Park Tree Investments, LLC ("PTI") as its servicing agent. In April 2018, Plaintiff received notice that the servicer was now FCI Lender Services, Inc. on behalf of Park Tree Investments 20, LLC.

2

In the meantime, on June 20, 2012, Plaintiff and his now ex-wife filed a petition under Chapter 7 of the Bankruptcy Code. Plaintiff received a bankruptcy discharge on October 5, 2012 (Bankr. Doc. No. 14).

On January 28, 2019 and February 3, 2020, at the request of PTI, MicroBilt obtained Plaintiff's consumer reports from Experian and/or Equifax (Doc. No. 1, Ex Y). Plaintiff disputed the inquiries.

Plaintiff filed a complaint in District Court against MicroBilt and others alleging, inter alia, that MicroBilt violated the Fair Credit Reporting Act ("FCRA"). The District Court denied MicroBilt's motion to dismiss the FCRA complaint, and it remains pending in District Court. In the meantime, Plaintiff filed a complaint in this adversary proceeding against MicroBilt, certain mortgage holders, and certain debt collectors on March 29, 2023. Plaintiff alleged the "hard inquiries" on his credit report were not authorized because he had been discharged in his bankruptcy case. Plaintiff claims the inquiries by MicroBilt on behalf of PTI were in furtherance of PTI's attempt to collect a discharged debt and therefore violated the discharge injunction. MicroBilt filed a Motion to Dismiss under Fed. R. Bankr. P. 7012(b) (6) (Doc. No. 18), which the Court granted on August 23, 2023.

On January 16, 2024, Plaintiff filed the Motion. Plaintiff contends that he has new evidence that demonstrates MicroBilt furnished PTI with a credit report on May 30, 2017, and he argues that report provided MicroBilt knowledge of his bankruptcy filing and discharge, such that it can be sanctioned for a discharge violation. He contends MicroBilt should have conducted an investigation as to whether the provision of the report to PTI was proper. Plaintiff also alleges the 2017 report was provided to PTI before it was a registered corporation and therefore PTI had no right to the report. Finally, Plaintiff argues that MicroBilt did not promptly remove the 2019 and

3

2020 PTI hard inquiries as represented to the Court and has continued to provide erroneous information on him as recently as 2023.

MicroBilt filed a response in opposition. MicroBilt contends the May 30, 2017 report was just like the other reports that the Court previously considered and does not demonstrate MicroBilt furnished any incorrect information in an attempt to collect a discharged debt. Plaintiff replied, stating the Court has two questions to answer: 1) whether MicroBilt's client Park Tree Investments, LLC had a legitimate business need to access Plaintiff's consumer credit file on May 30, 2017; and 2) whether there is evidence that as of the May 30, 2017 date of the pull of Plaintiff's credit file, Defendant ParkTree Investments, LLC, intended to use Plaintiff's information in connection with a credit transaction involving Plaintiff. (Doc. No. 145).

These two questions demonstrate on their face that Plaintiff does not state a claim that MicroBilt violated the discharge by pressuring Plaintiff to pay a discharged debt; the acts of which Plaintiff complains are those of PTI. Moreover, Plaintiff's Motion is not timely under Rule 59, attempts to add claims under the Fair Credit Reporting Act which are pending in district court and asks the Court to effectively permit an amendment to the Complaint and consider "new" evidence which is futile based on the facts alleged.

## II.    MOTION TO RECONSIDER STANDARD

Federal Rule of Civil Procedure 59, made applicable by Bankruptcy Rule 9023, permits bankruptcy courts to alter or amend an order or judgment. Fed. R. Civ. P. 59(e), Fed. R. Bankr. P. 9023. A Rule 9023 motion must be "filed . . . no later than 14 days after entry of judgment." Fed. R. Bankr. P. 9023. As explained by the Supreme Court, the rule "may not be used to re-litigate old matters or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Exxon Shipping Co. v. Baker, 554 U.S. 471, 486, n.5 (2008) (citing 11 C. Wright &

4

A. Miller, Fed. Prac. & Proc. § 2810.1, pp. 127-128 (2nd ed. 1995)). Accordingly, to prevail on a motion for reconsideration, the movant must present either newly discovered evidence or establish a manifest error of law or fact. In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metro Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (citations omitted). Such motions should not be used to relitigate issues already decided, to pad the record for an appeal, or to substitute for an appeal. A motion to reconsider "is frivolous if it raises no manifest errors of law or misapprehensions of fact to explain why the court should change the original order." In re Miles, 453 B.R. 449, 450-51 (Bankr. N.D. Ga. 2011).

Another ground for setting aside an order of this Court exists under Fed. R. Bankr. P. 9024 and Fed. R. Civ. P. 60. The rule permits relief from a final judgment, order, or proceeding in certain circumstances. Fed. R. Civ. P. 60(b); Fed. R. Bankr. P. 9024. The decision to alter or amend a judgment is highly discretionary. Am. Home Assurance Co. v. Glenn Estess & Assocs., 763 F.2d 1237, 1238-39 (11th Cir. 1985). Rule 60(b) lists six categories of reasons or grounds on which to base a motion seeking relief from a final judgment, order, or proceeding. The rule provides the Court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

5

Fed. R. Civ. P. 60(b). "Rule 60(b) was not intended to provide relief for error on the part of the court or to afford a substitute for appeal." Matter of E.C. Bishop & Son, Inc., 32 B.R. 534, 536 (Bankr. W.D. Mo. 1983) (quoting Title v. U.S., 263 F.2d 28 , 31 (9th Cir. 1959)).

The MicroBilt Order is not a final order. In determining whether to grant a motion to reconsider an interlocutory order dismissing a complaint, the Court is effectively determining whether to allow the movant to amend the complaint. This is because the order dismissing a case for failure to state a claim is based on the pleadings in the complaint. So, to reconsider an order of dismissal on the basis of allegations not in the complaint effectively allows the plaintiff to amend the complaint, even if not specifically requested. In some cases, the plaintiff moves to amend the complaint in conjunction with a motion to reconsider an order of dismissal. See In re Fish & Fisher, Inc., 2012 WL 2377581 (Bankr. S.D. Miss. June 25, 2012) (litigant sought reconsideration of the court's order dismissing an adversary proceeding with prejudice and to amend the complaint). The court there analyzed both motions using "the same considerations controlling the exercise of discretion under Rule 15(a)" for amendment of a complaint.  Id. (citing Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 597 (5th Cir. 1981)).  Because dismissal of a complaint under Rule 12 (b)(6) is based on the pleadings in the complaint, and Plaintiff seeks to introduce new evidence and allegations, this Court agrees reviewing the Motion under the standard for amending a complaint is appropriate.

Rule 15 of the Federal Rules of Civil Procedure, made applicable to bankruptcy by Rule 7015 of the Federal Rules of Bankruptcy Procedure, provides:

> (1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or

6

> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) *Other Amendments*. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

As Plaintiff's right to amend the Complaint as a matter of course has expired under Fed. R. Civ. P. 15(a)(1), Plaintiff may amend the Complaint only with MicroBilt's consent or with leave of the Court. Fed. R. Civ. P. 15(a)(2); Fed. R. Bankr. P. 7015. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); Looney v. Owens (In re Owens), 2006 WL 6589884, at *1 (Bankr. N.D. Ga. Oct. 11, 2006) (citing Jameson v. The Arrow Co., 75 F.3d 1528, 1534-35 (11th Cir. 1996)). "A motion for leave to amend may be denied (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." In re Engle Cases, 767 F.3d 1082 (11th Cir. 2014); see also Rosen v. TRW, Inc., 979 F.2d 191 , 194 (11th Cir. 1992). Amendment is futile "where the new claims asserted would be subject to dismissal as a matter of law." Hall v. United Ins. Co. of America, 367 F.3d 1255, 1263 (11th Cir. 2004) (citing Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir. 1999)); see also Halliburton & Assocs., Inc. v. Henderson, Few & Co., 774 F.2d 441, 444 (11th Cir. 1985) ("If a complaint as amended is still subject to dismissal, leave to amend need not be given."); No Straw, LLC v. Stout St. Funding, LLC, 2013 WL 2951064, at *7 (N.D. Ga. June 14, 2013) ("Since 'justice does not require district courts to waste their time on hopeless cases, leave may be denied if a proposed amendment fails to correct the deficiencies in the original complaint or otherwise fails to state a claim.'" (quoting Mizzaro v. Home Depot, Inc., 544 F.3d 1230, 1255 (11th Cir. 2008)).

7

### III. APPLICATION

#### a. Rules 59 and 60 (b)(1), (3-6)

The time in which Plaintiff could file a motion for reconsideration under Rule 59, as made applicable by Bankruptcy Rule 9023, has lapsed. The Court entered the MicroBilt Order on August 23, 2023. Plaintiff filed the Motion on January 16, 2024, well past the 14-day deadline. Accordingly, the Motion is not timely and relief under Rule 59 is not available.

Plaintiff has also not established a basis under Rule 60(b)(1), (3)– (6) for setting aside the MicroBilt Order. Rule 60(b)(1) provides a court may set aside a final order for reasons of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Plaintiff has not alleged or proven any of the foregoing. Plaintiff has not alleged any fraud, misrepresentation, or misconduct by an opposing party that would warrant reconsideration under Rule 60(b)(3).

Plaintiff has also not established a basis under Rule 60(b)(4) because the MicroBilt Order is not void. The concept of a void judgment is narrowly construed. "A judgment is not void . . . simply because it is or may have been erroneous. . . . . Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270 (2010) (cites omitted). The MicroBilt Order is not based on any jurisdictional error. Thus, the judgment is not void.

No basis exists for setting aside the MicroBilt Order under Rule 60(b)(5). Most often, Rule 60(b)(5) arises in the context of "institutional reform litigation" or prospective injunctions where the prospective actions are "reviewed for inequitable application because of changed circumstances." Lee v. Marvel Enters., Inc., 765 F.Supp. 2d 440, 451 (S.D. N.Y. 2011). Here, the

8

MicroBilt Order has not been satisfied, released, or discharged. It was not based on any earlier judgment that has been reversed or vacated.

Plaintiff has not articulated any basis that justifies relief under Rule 60(b)(6) as to the MicroBilt Order. This section affords the Court some discretion to address issues raised by the parties that necessitate the setting aside of a prior order or judgment. However, it is not meant to supersede the requirements of Rule 60(b)(1) through (5). In other words, a Rule 60(b)(6) motion must be based on some reason other than those stated in clauses (1)-(5). Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Sys., Inc., 803 F.2d 1130, 1133 (11th Cir. 1986); see also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 393 (1993). The relief available under Rule 60(b)(6) is limited and is meant "only for extraordinary circumstances." Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1316 (11th Cir. 2000). To justify relief under Rule 60(b)(6), "a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay." Pioneer, 507 U.S. at 393 (citing Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 863 (1988)). The circumstances are not extraordinary to warrant reconsideration of the MicroBilt Order.

### b. Alleged "new" evidence

Plaintiff has not demonstrated grounds for reconsideration under Rule 60(b)(2) or Rule 59 (even if the Motion were timely) on the grounds of "new" evidence. He has not pointed to any new evidence or information that, if proved true, would lead to judgment in his favor so allowing him to effectively amend his complaint with this new evidence is futile.[1]

---

[1] MicroBilt has not challenged Plaintiff's allegation that the evidence Plaintiff has brought forward is "new," just that it is insufficient to change the outcome.

9

Plaintiff contends that MicroBilt violated the discharge injunction of 11 U.S.C. §524. To prove a discharge violation, Plaintiff must show by clear and convincing evidence that the objective effect of MicroBilt's action is to pressure Plaintiff to pay a discharged debt. Taggart v. Lorenzen, 139 S. Ct. 1795, 1801 (2019). Only then may a bankruptcy court impose civil contempt sanctions which is appropriate "when there is no objectively reasonable basis for concluding that the creditor's conduct might be lawful under the discharge order." Id. In Taggart, the Supreme Court explained that means "there is no fair ground of doubt as to whether the [discharge] order barred the creditor's conduct." Id. at 1799. To meet this standard, the party that violated the discharge injunction must have acted with knowledge of it. In re Cowan, 2020 WL 7330049, at *6 (Bankr. N.D. Ga. Dec. 11, 2020) (citing In re Milani, 2020 WL 5551990, at *5 (Bankr. N.D. Ga. Sept. 16, 2020)).

As the Court has previously explained, credit reporting is generally permitted notwithstanding a bankruptcy filing. Id.; Mortimer v. JP Morgan Chase Bank, Nat. Ass'n, 2012 WL 3155563, at *3 (N.D. Cal. Aug. 2, 2012). That is because a discharge in bankruptcy does not extinguish the debt itself, but merely releases the debtor from personal liability for the debt. Johnson v. Home State Bank, 501 U.S. 78, 83 (1991); see also Farrey v. Sanderfoot, 500 U.S. 291, 297 (1991) ("[o]rdinarily, liens and other secured interests survive bankruptcy"); Bentley v. OneMain Fin. Grp. (In re Bentley), 2020 WL 3833069, at *6 (B.A.P. 6th Cir. July 8, 2020) ("The concept that a lien 'rides through' bankruptcy is axiomatic."). "Because the debt exists, its reporting alone is not a violation of the discharge injunction absent showing that the purpose or effect of the reporting was to collect the discharged debt as a personal liability of the debtor." In re Giles, 502 B.R. 892, 904 (Bankr. N.D. Ga. 2013); In re Mahoney, 368 B.R. 579, 584 (Bankr. W.D. Tex. 2007) ("mere reporting of credit information about a debtor vel non is not an 'act' to

10

collect a discharged debt"); Montano v. First Light Fed. Credit Union (In re Montano), 488 B.R. 695, 710 (Bankr. D.N.M. 2013) (reporting discharged debt as "past due" is facially permissible and does not constitute a per se violation of the discharge injunction). For example, reporting a delinquent debt may be done to share information relevant to credit granting decisions. In re Keller, 568 B.R. 118, 127 (B.A.P. 9th Cir. 2017).

Reporting false or outdated information to a credit agency in an attempt to coerce payment on a discharged debt, however, can violate the discharge injunction, particularly where the creditor knowingly refuses to correct the report to reflect the debtor's discharge. See In re Todt, 567 B.R. 667, 680 (Bankr. D.N.H. 2017) (citations omitted); Minech, 632 B.R. at 286; see also In re Anderson, 641 B.R. 1, 14 (Bankr. S.D.N.Y. 2022) (repeated, unexcused refusal to correct a credit report to reflect a bankruptcy discharge subjects the violator to contempt sanctions). Credit reporting may also violate the discharge injunction where there is evidence of additional collection activity. In re Trinidad, 2022 WL 3363888, at *11 (Bankr. D.P.R. Aug. 12, 2022) (Bankr. D.P.R. Aug. 12, 2022).

Here, Plaintiff alleges MicroBilt allowed PTI to access his consumer credit file so that PTI could pursue collection of a discharged debt. When Plaintiff received his bankruptcy discharge, his personal liability for the Tradd Mortgage Debt and Tradd HELOC were discharged. But the Tradd Mortgage Debt and Tradd HELOC continued to exist. Providing a consumer credit file, on its own in this circumstance, does not violate the discharge injunction. Giles, 502 B.R. at 904; Montano, 488 B.R. at 710 (Bankr. D.N.M. 2013).

1) Knowledge

In the MicroBilt Order, the Court stated MicroBilt contended it did not have knowledge of the Plaintiff's discharge until after the PTI inquiries. Plaintiff contends, however, that

11

reconsideration is warranted because he has new evidence that shows MicroBilt granted PTI access to his credit report on May 30, 2017, which report reflected a bankruptcy discharge on his record. Plaintiff contends MicroBilt therefore had "knowledge" of his discharge, contrary to the statements in the MicroBilt Order.

Imposing sanctions for a discharge violation requires two separate inquiries: first, whether the discharge order was violated, and then, second, whether the party had "knowledge" of the discharge order and whether there was no fair ground of doubt that the actions taken would violate it. It is this second prong that Plaintiff is addressing with his argument about knowledge. Simply being aware of the discharge order, however, and intending the actions that violated the order are not sufficient to constitute knowledge. Taggart v. Lorenzen, 139 S. Ct. 1795, 1801 (2019). That is effectively all Plaintiff has alleged. It is far from clear that MicroBilt's provision of a credit report produced by a third party on which Plaintiff's discharge is noted is sufficient to constitute the knowledge required to sanction a party. But the Court need not reach the question of "knowledge" if the acts of which Plaintiff complains do not violate the discharge injunction by objectively pressuring Plaintiff to pay a discharged debt.

"A bankruptcy discharge does not send a debt into the equivalent of *1984's* 'memory hole.'" In re Torres, 367 B.R. 478, 487 (Bankr. S.D.N.Y. 2007). A consumer report may include an account that was discharged in bankruptcy, as well as the bankruptcy itself, as long as it reflects that the consumer is no longer liable for the discharged debt. Id. The 2017 report does no more than that--accurately reflect the existence of Plaintiff's bankruptcy and discharge.

Moreover, as stated in Vogt v. Dynamic Recovery Serv. (In re Vogt), 257 B.R. 65 (Bankr. D. Colo. 2000), "[f]alse reporting, if not done to extract payment of the debt, is simply not an act proscribed by the Code." Id. at 71. To the extent the credit reports were inaccurate, Congress has

12

provided a statutory framework through which debtors may dispute inaccurate information. See Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq ; In re Dendy, 396 B.R. 171, 183 (Bankr. D.S.C. 2008) (citing cases).  The Court explained in the MicroBilt Order that a violation of the FCRA is not equivalent to a discharge violation.  Plaintiff's complaint, even if read with the "new" evidence submitted by Plaintiff in the Motion, does not show that MicroBilt did anything to pressure the payment of a debt. MicroBilt is not a creditor and even Plaintiff's own questions to the Court demonstrate that the actor is PTI, not MicroBilt. MicroBilt may not have handled the credit report requests properly, but those acts are addressed by the FCRA and do not rise to the level of a discharge violation.

2). <u>False Representation that PTI was Incorporated</u>

Plaintiff contends that MicroBilt provided the report to PTI before PTI was a registered corporation and, therefore, PTI had no right to the report. He seeks to hold MicroBilt liable under the FCRA for furnishing a credit report under false pretenses. Plaintiff seems to argue that MicroBilt, a credit reporting agency, had to undertake an inquiry to determine the validity of PTI's corporate existence. But "credit reporting agencies are not tribunals. They simply collect and report information furnished by others." Grigoryan v. Experian Info. Sols., Inc., 84 F. Supp. 3d 1044, 1064 (C.D. Cal. 2014). Whether PTI was the proper entity to request a credit report and whether the underlying mortgage was valid are legal issues that a credit agency "is neither qualified nor obligated to resolve." Id. "[C]redit reporting agencies are not supposed to adjudicate a consumer-creditor dispute in order to issue credit reports." Id. If Plaintiff thinks PTI obtained or used his credit report for an improper purpose, he may have remedies under the FCRA, In re Croft, 500 B.R. 823, 845 (Bankr. W.D. Tex. 2013),[2] but as explained in the MicroBilt Order, FCRA violations

---

[2] Plaintiff seems aware of this as his Reply is rife with citations to the FCRA. While the Court is not determining whether PTI had a valid purpose for the credit report, it notes that permissible purposes under the FCRA include using

13

are not necessarily discharge violations. While the FCRA and the discharge injunction share some similarities, they are not the same and do not address the same issues. Hanks v. Talbots Classics Nat. Bank, 2012 WL 3236323, at *5 (N.D. Cal. Aug. 6, 2012) (citing Henry v. Saxon Mortg., Inc., 2011 WL 5331679, at *4 (D. Ariz. Nov. 7, 2011); In re Potes, 336 B.R. 731, 733 (Bankr. E.D. Va.2005).

      3). Removal of Hard Inquiries

The Court noted in its MicroBilt Order that MicroBilt removed the PTI hard inquiries when PTI failed to respond to requests for verification. Plaintiff contends MicroBilt actually failed to remove the PTI hard inquiries from his credit report. An 'inquiry' is a factual record of when a consumer's credit file was accessed by a user and the user received information about a particular consumer." Steed v. Equifax Info. Servs., LLC, 2016 WL 7888040, at *3 (N.D. Ga. July 15, 2016). "A 'hard' inquiry indicates that a user accessed the consumer's report for the purpose of making a credit decision. Such access is normally initiated in response to a consumer seeking credit, such as a mortgage, credit card, auto loan, or personal finance loan. . . . [H]ard inquiries in [credit reports] . . . let potential creditors know where the consumer has sought credit, when, and with whom." Id. "Hard inquiries are generally considered in credit score development and are often a factor in a consumer's credit score." Id. "Hard inquiries can lower a consumer's credit score and be used as a basis for a denial of credit." Id. at *4.

Plaintiff contends he did not seek credit from PTI so the inquiries should not have been labeled as "hard" impacting his credit score. But the conclusory allegation that MicroBilt's failure to remove the hard inquiries was to assist PTI in the collection of its debt is simply insufficient.

---

"the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer" and "as a potential investor or servicer, . . . in connection with a valuation of, or an assessment of the credit or prepayment risks associated with, an existing credit obligation[.]" 15 U.S.C.A. § 1681b.

14

No evidence is plead to support the allegation. Plaintiff has not established MicroBilt failed to remove the PTI inquiries in an effort to coerce payment from him to PTI.

4). Denial of Credit

Next, Plaintiff contends that MicroBilt's sharing of credit information ultimately caused him to be denied credit in 2023. This allegation is not included in the complaint and it is well established that motions to reconsider should not be used by the parties to raise new arguments or defenses. See, e.g., Mays v. U.S. Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997) (motions to reconsider should not be used by the parties to set forth new theories of law); Mincey v. Head, 206 F.3d 1106, 1137 n. 69 (11th Cir. 2000) ("The function of a motion to alter or amend a judgment is not to serve as a vehicle . . . to give the moving party another 'bite at the apple' by permitting the arguing of issues that should have been raised prior to judgment") (internal citations omitted); see also Werner v. Primax Recoveries, Inc., 365 Fed. Appx. 664, 668 (6th Cir. 2010) (party cannot raise new legal argument on motion for reconsideration and the issue will not be considered on appeal when it was not properly presented to trial court).

Moreover, the Motion does not specify what information was incorrect (clearly the information was correct that Plaintiff filed bankruptcy and received a discharge), who provided it, whether MicroBilt knew it was false and, most importantly, how this shows an attempt to collect a debt when MicroBilt was not a creditor. In In re Bowen, 2010 WL 2430777, at *2 (Bankr. E.D. Tenn. June 11, 2010), the debtors made a similar argument, claiming that they were not approved for several vehicle loans due to information in a credit report. The debtors failed, though, to explain why the information provided was factually inaccurate or legally inappropriate, and the debtors did not allege that the bank acted in an attempt to coerce payment of a debt. Accordingly, the court dismissed the debtors' claims. Other courts have acknowledged that it may not be misinformation

15

but rather correctly reported information, such as the fact that a debtor filed bankruptcy, that affects a creditor's decision to extend credit. Coleman v. Experian Info. Sols., Inc., 655 F. Supp. 3d 1285, 1319 (N.D. Ga. 2023); see also Jaras v. Equifax, Inc., 766 F. App'x 492, 494 (9th Cir. 2019) ("bankruptcies themselves cause[d] them to have lower credit scores with or without the alleged misstatements").

Here, Plaintiff argues that MicroBilt's actions caused him harm. But the provision of a credit report does not violate the discharge injunction in the absence of coercive conduct. Plaintiff has not identified any. That a creditor may have reviewed Plaintiff's credit history and declined to extend him credit does not make the provision of the credit report wrong or violative of the discharge injunction.

5. FCRA

Throughout the Motion and Reply, Plaintiff cites to and relies on the FCRA. Even the two questions the Plaintiff raises in his reply are more in the nature of FCRA allegations when applied to MicroBilt rather than discharge violation allegations. But the allegations that MicroBilt violated the FCRA are not for this court to decide. The allegations are not pled in the adversary proceeding complaint and it is well established that motions to reconsider should not be used by the parties to raise new arguments or defenses. See, e.g., Mays v. U.S. Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997) (motions to reconsider should not be used by the parties to set forth new theories of law); Mincey v. Head, 206 F.3d 1106, 1137 n. 69 (11th Cir. 2000) ("The function of a motion to alter or amend a judgment is not to serve as a vehicle . . . to give the moving party another 'bite at the apple' by permitting the arguing of issues that should have been raised prior to judgment") (internal citations omitted); see also Werner v. Primax Recoveries, Inc., 365 Fed. Appx. 664, 668 (6th Cir. 2010) (party cannot raise new legal argument on motion for reconsideration and the issue will not

16

be considered on appeal when it was not properly presented to trial court). Moreover, Plaintiff has asserted FCRA claims in the district court action and there is no reason for this Court to undertake a review of it.[3] In any event, FCRA violations do not always constitute discharge violations. Discharge violations are focused on intent to collect a debt. Here, MicroBilt had no debt to be collected and none of the allegations of a "conspiracy" are more than conclusory allegations.

## IV. CONCLUSION

Plaintiff asks the Court to conclude that MicroBilt, who is not a creditor but a third-party credit reporting agency, has violated the discharge injunction because of the requests of PTI. Yet, Plaintiff has not pled any specific facts or provided any authority to support his assertion. The court in In re Miller, 2003 WL 25273851, at *2 (Bankr. D. Idaho Aug. 15, 2003), rejected the same argument. The debtor there argued that Equifax's report was inaccurate and such reporting was an indirect attempt to collect or recover a debt, but he did not prove that Equifax's reporting, even if inaccurate, was so motivated. Plaintiff's "new evidence" does not show MicroBilt provided or reported false or outdated information in an attempt to coerce payment on a discharged debt. Plaintiff does not allege MicroBilt engaged in any act to collect a debt.

The Court entered the MicroBilt Order dismissing the complaint for failure to state a claim. Plaintiff effectively wants to amend the complaint through this Motion by arguing "new" evidence exists and adding allegations and claims to the complaint. But the new evidence does not state a claim either and allowing "amendment" to the complaint would be futile. Moreover, the Motion

---

[3] These facts would also support abstention under 28 U.S.C. § 1334(c)(1); Carver v. Carver, 954 F.2d 1573, 1579 (11th Cir. 1992). Courts employ a multifactor test to determine whether abstention is appropriate. Ret. Sys. of Alabama v. J.P. Morgan Chase & Co., 285 B.R. 519, 530–31 (M.D. Ala. 2002). The abstention factors weigh heavily in favor of abstention here as an FCRA claim is not a cause of action created by the Bankruptcy Code and does not arise only in bankruptcy proceedings and Plaintiff has already asserted these claims in federal court litigation.

is untimely in part and seeks to have FCRA claims construed as discharge violations. For the reasons stated above, both procedurally and factually, the Court finds no basis for reconsideration of the MicroBilt Order. Accordingly,

    **IT IS ORDERED** that the Motion is **DENIED**.

**END OF DOCUMENT**

**Distribution List**

Emmanuel O Ohai
863 Flat Shoals Rd. SE
C #155
Conyers, GA 30094

Megan Poitevint Mitchell
Arnall Golden Gregory LLP
171 17th Street NW, Ste 2100
Atlanta, GA 30363