

**IT IS ORDERED as set forth below:**

**Date: March 12, 2024**

_____
**Wendy L. Hagenau**
**U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE: | CASE NO. 12-65475-WLH |
| EMMANUEL OHAI, | CHAPTER 7 |
| Debtor. | |
| EMMANUEL OHAI, | ADVERSARY PROCEEDING NO. 23-5041-WLH |
| Plaintiff, | |
| v. | |
| DELTA COMMUNITY CREDIT UNION, PNC BANK NATIONAL ASSOCIATION, INC., DEAN ENGLE & PARK TREE INVESTMENTS, LLC, PARK TREE INVESTMENTS 20, LLC, FCI LENDER SERVICES, INC., DANIEL I. SINGER & SINGER LAW GROUP, PHILLIP L. JAUREGUI D/B/A JAUREGUI & LINDSAY LLC, MICHAEL W. LINDSEY D/B/A, JAUREGUI & LINDSEY, LLC, MICROBILT CORPORATION, | |
| Defendants. | |

**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' LATE-FILED RESPONSE TO MOTION FOR SUMMARY JUDGMENT**

1

This matter is before the Court on Plaintiff's Motion to Strike Defendants FCI Lender Services, Inc. ("FCI") and Park Tree Investments, LLC ("PTI") Untimely Filings (Doc. No. 169) (the "Motion"). FCI and PTI filed a Response in opposition to the Motion (Doc. No. 171). Plaintiff filed a reply in support of the Motion (Doc. No. 175).

Plaintiff filed a Motion for Summary Judgment against PTI on January 22, 2024 (Doc. No. 100). Pursuant to BLR 7007-1(c), a party has twenty-one days after service to respond to a motion for summary judgment and its failure to respond to such a motion indicates no opposition. PTI filed a Motion to Compel, for Sanctions and for Extension to Respond to Plaintiff's Motion for Summary Judgment on Jan 31, 2024 (Doc. No. 124), in which it sought an extension of time to respond to Plaintiff's Motion for Summary Judgment due to Plaintiff's failure to attend his scheduled deposition. The Court granted PTI's request and extended the time within which PTI had to respond through February 23, 2024 (Doc. No. 142).

Plaintiff filed his Motion for Summary Judgment against FCI on January 23, 2024 (Doc. No. 105), and the certificate of service indicates that it was served by first class mail the same day. Pursuant to Federal Rule of Bankruptcy Procedure 9006(f), FCI had the twenty-one days set forth in BLR 7007-1(c) plus three additional days to respond to the motion since it was served by mail. Fed. R. Bankr. P. 9006(f).

On February 14, 2024, PTI and FCI, together with Park Tree Investments 20, LLC, filed a response in opposition to Plaintiff's motions for summary judgment (Doc. No. 146), and responses in opposition to Plaintiff's statements of material facts (Docs. Nos. 147 & 148) (collectively the "Responses").

A motion to strike a response to a motion for summary judgment on the basis of it being tardily filed is not specifically recognized by the Federal Rules of Bankruptcy Procedure or the

Federal Rules of Civil Procedure. French v. U.S. (In re French), 242 B.R. 369, 374 (Bankr. N.D. Ohio 1999). Rather, Bankruptcy Rule 7012(f), which incorporates Rule 12(f) of the Federal Rules of Civil Procedure, only recognizes a motion to strike if it involves a "pleading" which contains "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) ("The court may strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.") (emphasis added). Rule 7 sets forth the pleadings allowed as a complaint; a third-party complaint; an answer to a complaint, counterclaim, crossclaim, or third-party complaint; and if ordered by the court, a reply to an answer. Fed. R. Civ. P. 7, made applicable by Fed. R. Bankr. P. 7007. Motions and responses thereto are not pleadings. Circle Grp, LLC v. Southeastern Carpenters Reg'l Council, 836 F. Supp.2d 1327, 1347 (N.D. Ga. 2011); accord Burns v. Lawther, 53 F.3d 1237, 1241 (11th Cir. 1995) (quoting Chilivis v. S.E.C., 673 F.2d 1205, 1209 (11th Cir. 1982)) ("neither a motion to dismiss nor a motion for summary judgment constitutes responsive pleadings for purposes of the federal rules."); Polite v. Dougherty Cty. Sch. Sys., 314 F. App'x 180, 184 n.7 (11th Cir. 2008) ("motions to strike are only appropriately addressed towards matters contained in the pleadings; . . . [a] motion for summary judgment, . . . is not a pleading."); but see Stephens v. Ga. DOT, 134 Fed. Appx. 320, 323-24 (11th Cir. 2005) (citing Fed. R. Civ. P. 12(f) ) (district court did not abuse its discretion in striking portions of motion for summary judgment containing immaterial, impertinent, or scandalous matter).

In appropriate circumstances, however, case law does support a court's authority to strike other filings in the exercise of its discretion. Id. The court has discretion to permit or exclude late-filed materials in opposition to summary judgment. In re Confer, 277 B.R. 374, 377 (Bankr. S.D. Ohio 2002) (citing Blankenship v. Parke Care Centers, Inc., 913 F.Supp. 1045, 1049 (S.D. Ohio

3

1995) (allowing an untimely response when the late filing resulted in no delay or prejudice), aff'd 123 F.3d 868 (6th Cir.1997); United States v. Lenard (In re Lenard), 140 B.R. 550, 553 (D. Colo. 1992)). In considering whether to strike an opposing party's motion or response on the basis of being tardily filed, courts consider factors including: 1) the actual amount of time the motion was filed late; 2) whether the party who filed the late motion disobeyed a direct order of the court; 3) the degree of prejudice that will befall the other party if the tardily filed motion is allowed; and 4) whether allowing the late filed motion or response would help the Court adjudicate the matter. French, 242 B.R. at 375.

While this Court has discretion to permit late-filed materials in opposition to summary judgment, the Court need not exercise its discretion here because the Responses were timely filed. By virtue of the Court's order extending the deadline for PTI to respond, PTI had until February 23, 2024 to file a response. FCI had until February 16, 2024 to respond. The Responses were timely filed on February 14, 2024. There was no delay, and Plaintiff has not been prejudiced. Further, considering the Responses will help the Court adjudicate whether summary judgment is warranted. The Court may only grant summary judgment if the record supports that no genuine issues of material fact exist. See Fed. R. Civ. P 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 331 (1986). Thus, the fact that an argument remains essentially unopposed does not relieve the Court of the duty to determine whether summary judgment is appropriate. Accordingly, the Court will consider the Responses in evaluating whether summary judgment is warranted.

Accordingly,

**IT IS ORDERED** that the Motion is **DENIED**.

**END OF DOCUMENT**

**Distribution List**

Emmanuel O Ohai
863 Flat Shoals Rd. SE
C #155
Conyers, GA 30094

Larry W. Johnson
138 Hammond Drive, Suite B
Atlanta, GA 30328