**IT IS ORDERED as set forth below:**



**Date: March 13, 2024**

_____
**Wendy L. Hagenau
U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 12-65475-WLH |
| EMMANUEL OHAI, | CHAPTER 7 |
| Debtor. | |
| EMMANUEL OHAI, | ADVERSARY PROCEEDING NO. 23-5041-WLH |
| Plaintiff, | |
| v. | |
| DELTA COMMUNITY CREDIT UNION, PNC BANK NATIONAL ASSOCIATION, INC., DEAN ENGLE & PARK TREE INVESTMENTS, LLC, PARK TREE INVESTMENTS 20, LLC, FCI LENDER SERVICES, INC., DANIEL I. SINGER & SINGER LAW GROUP, PHILLIP L. JAUREGUI D/B/A JAUREGUI & LINDSAY LLC, MICHAEL W. LINDSEY D/B/A, JAUREGUI & LINDSEY, LLC, MICROBILT CORPORATION, | |
| Defendants. | |

**ORDER ON PLAINTIFF'S MOTION TO STRIKE DEFENDANT PNC BANK, N.A.'S MOTION FOR SUMMARY JUDGMENT AND DEPOSITION OR, IN THE ALTERNATIVE, FOR ADDITIONAL TIME TO RESPOND**

1

**THIS MATTER** is before the Court on Plaintiff's Motion to Strike Defendant PNC Bank, N.A. ("PNC")'s Motion For Summary Judgment and Deposition or, in the Alternative, for Additional Time to Respond (Doc. No. 174) (the "Motion"). Plaintiff seeks 1) to strike PNC's Motion for Summary Judgment; 2) to strike Exhibit 4 to Plaintiff's Motion for Summary Judgment; or 3) in the alternative, provide him additional time to respond to PNC's Motion for Summary Judgment.

<u>Request to Strike PNC's Motion for Summary Judgment</u>

On August 23, 2023, the Court entered a Scheduling Order (Doc. No. 38), which provided that the deadline to complete discovery was January 31, 2024. BLR 7056-1(b) provides, "[m]otions for summary judgment must be filed as soon as possible, but, unless the Bankruptcy Court orders otherwise, not later than twenty-eight days after the close of discovery." The Scheduling Order provided that the deadline to submit a proposed pre-trial order is March 3, 2024 unless a motion for summary judgment is filed by that date, in which case the deadline to submit a pre-trial order is 30 days after entry of an order on the motion for summary judgment.

On February 28, 2024, PNC filed a Motion for Summary Judgment (the "PNC Motion"). Plaintiff filed the Motion on March 11, 2024. Plaintiff contends PNC's Motion is untimely and should be stricken.

A motion to strike a motion for summary judgment on the basis of it being tardily filed is not specifically recognized by the Federal Rules of Bankruptcy Procedure or the Federal Rules of Civil Procedure. <u>French v. U.S. (In re French)</u>, 242 B.R. 369, 374 (Bankr. N.D. Ohio 1999). Rather, Bankruptcy Rule 7012(f), which incorporates Rule 12(f) of the Federal Rules of Civil Procedure, only recognizes a motion to strike if it involves a "pleading" which contains "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f)

2

("The court may strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.") (emphasis added). Rule 7 sets forth the pleadings allowed as a complaint; a third-party complaint; an answer to a complaint, counterclaim, crossclaim, or third-party complaint; and if ordered by the court, a reply to an answer. Fed. R. Civ. P. 7, made applicable by Fed. R. Bankr. P. 7007. Motions and responses thereto are not pleadings. Circle Grp, LLC v. Southeastern Carpenters Reg'l Council, 836 F. Supp.2d 1327, 1347 (N.D. Ga. 2011); accord Burns v. Lawther, 53 F.3d 1237, 1241 (11th Cir. 1995) (quoting Chilivis v. S.E.C., 673 F.2d 1205, 1209 (11th Cir. 1982)) ("neither a motion to dismiss nor a motion for summary judgment constitutes responsive pleadings for purposes of the federal rules."); Polite v. Dougherty Cty. Sch. Sys., 314 F. App'x 180, 184 n.7 (11th Cir. 2008) ("motions to strike are only appropriately addressed towards matters contained in the pleadings; . . . [a] motion for summary judgment, . . . is not a pleading."); but see Stephens v. Ga. DOT, 134 Fed. Appx. 320, 323-24 (11th Cir. 2005) (citing Fed. R. Civ. P. 12(f) ) (district court did not abuse its discretion in striking portions of motion for summary judgment containing immaterial, impertinent, or scandalous matter).

In appropriate circumstances, however, case law does support a court's authority to strike other filings in the exercise of its discretion. Id. The court has discretion to permit or exclude late-filed materials on summary judgment. In re Confer, 277 B.R. 374, 377 (Bankr. S.D. Ohio 2002) (citing Blankenship v. Parke Care Centers, Inc., 913 F.Supp. 1045, 1049 (S.D. Ohio 1995) (allowing an untimely response when the late filing resulted in no delay or prejudice), aff'd 123 F.3d 868 (6th Cir.1997); United States v. Lenard (In re Lenard), 140 B.R. 550, 553 (D. Colo. 1992)). In considering whether to strike an opposing party's motion or response on the basis of being tardily filed, courts consider factors including: 1) the actual amount of time the motion was

3

filed late; 2) whether the party who filed the late motion disobeyed a direct order of the court; 3) the degree of prejudice that will befall the other party if the tardily filed motion is allowed; and 4) whether allowing the late filed motion or response would help the Court adjudicate the matter. French, 242 B.R. at 375.

While this Court has discretion to permit late-filed materials in relation to summary judgment, the Court need not exercise its discretion here because the PNC Motion was timely filed. Per the Court's Scheduling Order, the deadline to complete discovery was January 31, 2024. Pursuant to BLR 7056-1(b), unless the Court ordered otherwise, the parties would have had twenty-eights days to file a motion for summary judgment. But the Court did order otherwise—it provided in the Scheduling Order that a motion for summary judgment had to be filed by March 3, 2024. In any event, the PNC Motion was timely filed on February 28, 2024. There was no delay, and Plaintiff has not been prejudiced.

Request to Strike Deposition as Exhibit

Next, Plaintiff contends Exhibit 4 to the PNC Motion, the transcript from his deposition, should be stricken because PNC participated in his deposition on February 2, 2024 without filing a formal notice of deposition.

"[T]he purpose of discovery is to provide a mechanism for making relevant information available to the litigants." Lozano v. Maryland Cas. Co., 850 F.2d 1470, 1473 (11th Cir. 1988) (citing Fed. R. Civ. P. 26 advisory committee notes). "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." Hickman v. Taylor, 329 U.S. 495, 507 (1947). Liberal discovery rules allow litigants to see the full breadth of the evidence that exists in a case. DeepGulf, Inc. v. Moszkowski, 330 F.R.D. 600, 605 (N.D. Fla. 2019). Rules favoring broad

4

discovery help "make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958). Consistent with these policies, Rule 30(a) of the Federal Rules of Civil Procedure authorizes parties to depose witnesses, including an opposing party. See Fed. R. Civ. P. 30(a). More specifically, "each party to a civil law suit has the right to take depositions of the other party, absent a protective order entered by the trial judge." Colonial Times, Inc. v. Gasch, 509 F.2d 517, 521 (D.C. Cir. 1975); Nat'l Life Ins. Co. v. Hartford Acc. & Indem. Co., 615 F.2d 595, 599 (3d Cir. 1980) ("The Federal Rules of Civil Procedure specifically give a party the right to question a witness by oral deposition.").

Plaintiff's argument seems premised on the notion that he only needed to answer questions posed by the party that noticed the deposition and that PNC cannot rely on a deposition that it did not notice. The argument is meritless. Melton v. Loftin, 2014 WL 1758981, at *2 (S.D. Ill. May 1, 2014). Rule 30(b) speaks only to which parties must be notified of the deposition, not the scope of which parties can ask questions. Indeed, the scope of deposition testimony is guided by Rule 30(c), which provides (with exceptions irrelevant here) that "[t]he examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence . . ." Fed. R. Civ. P. 30(c)(1); see also Sigma Delta, L.L.C. v. George, 2008 WL 1789407, at *2 (E.D. La. Apr. 18, 2008) (allocating time for questioning to the parties noticing the deposition and dividing the remaining time among the other parties). PNC is a party to the adversary proceeding and was entitled to ask Plaintiff questions at his deposition, even if it did not notice the deposition. Accordingly, the Court declines to strike Exhibit 4 to the PNC Motion.

<u>Request to Extend Time</u>

Finally, Plaintiff seeks additional time to respond to the PNC Motion. Having read and considered the request, the Court will grant Plaintiff 21 days from the entry of this order to respond to the PNC Motion.

<u>Conclusion</u>

**IT IS ORDERED** that the Motion is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that the request to strike PNC's Motion for Summary Judgment is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's request to strike Exhibit 4 to the PNC Motion is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's request for additional time to respond to PNC's Motion for Summary Judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff has 21 days from the entry of this Order to respond to PNC's Motion for Summary Judgment.

**END OF DOCUMENT**

**Distribution List**

Emmanuel O Ohai
863 Flat Shoals Rd. SE
C #155
Conyers, GA 30094

William Lasker
Ballard Spahr
Utah One Center - Suite 800
201 S. Main St.
Salt Lake City, UT 84111-2221