**IT IS ORDERED as set forth below:**

**Date: August 21, 2025**

_____

**Sage M. Sigler**
**U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| In Re: <br> EMMANUEL OHAI, <br> Debtor. | CASE NUMBER: <br> 12-65475-SMS <br> CHAPTER 7 |
| EMMANUEL OHAI, <br> Plaintiff, <br> v. <br> DELTA COMMUNITY CREDIT UNION, PNC BANK NATIONAL ASSOCIATION, INC., DEAN ENGLE & PARK TREE INVESTMENTS, LLC, PARK TREE INVESTMENTS 20, LLC, FCI LENDER SERVICES, INC., DANIEL I. S INGER & S INGER LAW GROUP, PHILLIP L. JAUREGUI D/B/A JAUREGUI & LINDSAY LLC, MICHAEL W. LINDSEY D/B/A, JAUREGUI & LINDSEY, LLC, MICROBILT CORPORATION, <br> Defendants. | ADVERSARY PROCEEDING <br> NO. 23-5041-SMS |

**ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT**

This matter is before the Court on the *Motion for Partial Summary Judgment* (the "Motion," Doc. 274) filed by Park Tree Investments, L.L.C. ("Park Tree" or "PTI") and Park Tree

Investments 20, L.L.C. ("Park Tree 20" or "PTI20" and, together with PTI, "Defendants"). In the Motion, Defendants seek summary judgment that their access of the credit reports of Emmanuel Ohai ("Plaintiff") did not violate Plaintiff's discharge. Because there are no genuine issues of material fact remaining with respect to that issue and PTI and PTI20 are entitled to judgment as a matter of law, the Court will **GRANT** the Motion.

## JURISDICTION AND VENUE

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157(a). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). Venue is proper under 28 U.S.C. § 1409.

## BACKGROUND

The Court explained the background of this proceeding in its April 9, 2024, *Order on Cross Motions for Summary Judgment* (the "April 9 Order," Doc. 194), which is incorporated here by reference. Summarized, Plaintiff sought summary judgment that certain instances of PTI and PTI20 accessing his credit report were violations of his discharge injunction. In the April 9 Order, the Court denied summary judgment to Plaintiff because three questions remained: (1) who accessed the credit reports, (2) when, and (3) whether they had authority to do so. Those facts were essential for the Court to determine whether the Credit Pulls (defined below) were in connection with the maintenance of an existing account, and, if so, whether there was an "objectively reasonably basis" for thinking that the Credit Pulls "might be lawful" under the standard articulated in *Taggart v. Lorenzen*, 587 U.S. 554 (2019).

PTI and PTI20 assert in the Motion that those questions have been answered and they are entitled to summary judgment in their favor. In support of their Motion, Defendants filed their *Brief in Support of the Motion for Summary Judgment* (Doc. 275), *Statement of Undisputed Facts*

(Doc. 276), and the *Affidavit of Dean Engle* (the "Engle Affidavit," Doc. 277),[1] to which Defendants attached an excerpt from PTI20's operating agreement (the "PTI20 OA Excerpt," Ex. A), and the 2017 and 2019 credit reports obtained by PTI and PTI20 (the "Credit Reports," Ex. B). In response, Plaintiff filed his *Brief in Opposition* (Doc. 290) and *Response to Statement of Material Facts* (Doc. 291). PTI replied to Plaintiff's Response with its *Rely Brief* (Doc. 294).

## UNDISPUTED FACTS

As a preliminary matter, Plaintiff disputes the admissibility of the Engle Affidavit, claiming that Mr. Engle lacked the personal knowledge of the contents of the affidavit as merely a custodian of relevant business record. *See* Plaintiff's *Brief in Opposition* at 7. But the Engle Affidavit is admissible as testimony based upon Mr. Engle's personal knowledge stemming from his role as manager of PTI and his review of the underlying business records. Mr. Engle does not have to submit every business record he reviewed in connection with the Engle Affidavit for it to be admissible.

The PTI20 OA Excerpt and the Credit Reports are attached to the Engle Affidavit. Plaintiff does not challenge the validity of either exhibit, and both go the core of the issues—who pulled Plaintiff's credit, when, and whether it was appropriate to do so. The Court may rely on the undisputed facts in the Engle Affidavit and the Credit Reports to establish that that PTI, as manager of PTI20, accessed Plaintiff's credit reports on May 30, 2017, and January 28, 2019 (the "Credit Pulls").[2]

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where the "movant shows that there is no genuine

---

[1] Dean Engle is the manager of PTI.
[2] Plaintiff questioned whether PTI also pulled his credit report in 2020. However, PTI disputes that it pulled Plaintiff's credit report in 2020, and the Plaintiff offers no evidence to the contrary.

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R Civ. P. 56(c); Fed. R. Bankr. P. 7056(c). An issue is "genuine" if a rational trier of fact could find for the nonmoving party and "material" where the issue could affect the outcome of the case. *Hickson Corp. v. Northern Crossarm Co., Inc.*, 357 F.3d 1256 (11th Cir. 2004). "If the movant successfully discharges its burden, the burden then shifts to the non-movant to establish, by going beyond the pleadings, that genuine issues of material facts exist." *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 918 (11th Cir. 1994).

On motions for summary judgment, the Court cannot weigh the evidence to determine witness credibility and the like; such issues are reserved for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). In addition, the Court must review the evidence in the light most favorable to the non-moving party and draw all inferences therefrom. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992); *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1528 (11th Cir. 1987).

## ANALYSIS

Plaintiff's chapter 7 discharge released him from all debts that arose before the petition date. 11 U.S.C. §§ 727(b), 524(a)(2). But the discharge extinguished only Plaintiff's personal liability and did not affect any secured creditor's interest in real property; a secured creditor's rights to collateral survive the discharge. *Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991); *see also Farrey v. Sanderfoot*, 500 U.S. 291, 297 (1991) ("Ordinarily, liens and other secured interests survive bankruptcy."); *Bentley v. OneMain Fin. Grp. (In re Bentley)*, 2020 WL 3833069, at *6 (B.A.P. 6th Cir. July 8, 2020) ("The concept that a lien 'rides through' bankruptcy is axiomatic."). "[A]fter the automatic stay terminates as to the property, a secured creditor may take any appropriate action to enforce a valid lien surviving the discharge, as long as the creditor does not pursue *in personam* relief against the debtor." *In re Best*, 540 B.R. 1, 9 (B.A.P. 1st Cir. 2015)

(citation omitted).

Pursuant to section 105, a bankruptcy court may enforce the discharge injunction and "order damages if the circumstances so require." *Navarro v. Banco Popular de P.R. (In re Navarro)*, 563 B.R. 127, 141 (Bankr. D.P.R. 2017). Sanctions for violations of the discharge injunction are in the nature of civil contempt. *Id*. "Sanctions … may be employed for either or both of two purposes: to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." *In re McLean*, 794 F.3d 1313, 1323 (11th Cir 2015) (citing *F.T.C. v. Leshin*, 719 F.3d 1227, 1231 (11th Cir 2013)).

A bankruptcy court may "impose civil contempt sanctions when there is no objectively reasonable basis for concluding that the creditor's conduct might be lawful under the discharge order." *Id*. at 560. To meet this standard, the party that violated the discharge injunction must have acted with knowledge of it. *In re Cowan*, 2020 WL 7330049, at *6 (Bankr. N.D. Ga. Dec. 11, 2020); *see also In re Milani*, 2020 WL 5551990, at *5 (Bankr. N.D. Ga. Sept. 16, 2020) ("In this regard, a subjective good faith belief that the action taken does not violate the discharge injunction is not sufficient to avoid sanctions if such a belief is not objectively reasonable.").

To determine if sanctions are appropriate, the Court must first "determine whether a communication is a prohibited debt collection under section 524, by looking to 'whether the objective effect of the creditor's action is to pressure a debtor to repay a discharged debt.'" *In re Roth*, 935 F.3d 1270, 1276 (11th Cir. 2019) (quoting *In re McLean*, 794 F.3d at 1322). If so, the court evaluates whether that violation of the discharge injunction is sanctionable by determining "if there is *no fair ground of doubt* as to whether the order barred the creditor's conduct." *Taggart*, 587 U.S. at 557 (emphasis in original).

The only factual questions remaining from the Court's April 9 Order were who accessed

Debtor's credit report and for what purpose. Defendants answer those questions with the undisputed facts in the Engle Affidavit. PTI accessed Plaintiff's credit report on two occasions while manager of, and servicer for, PTI20, which held Plaintiff's HELOC loan. Engle Affidavit, Ex. B. PTI's position as manager of PTI20 is sufficient under the terms of the PTI20 OA to show that whatever authority PTI20 possessed to access Plaintiff's credit reports, PTI had also.

As explained in the April 9 Order, a creditor may access a discharged debtor's credit report without violating the discharge injunction. Courts have reasoned that if a creditor's actions are within the scope of the Fair Credit Reporting Act ("FCRA") then the action is "objectively reasonable" under *Taggart*. For example, in *In re Ho*, 624 B.R. 748 (Bankr. E.D.N.Y. 2021), the debtor argued that the creditor impermissibly made hard inquiries into his credit status. The court found that the creditor's conduct reasonably appeared to be within the proper scope of the FCRA, and, in particular, within the permissible purpose requirements of FCRA § 1681b(a)(3)(A) as performing a review of the mortgage account it maintained on the debtor's behalf. *Id.* at 557.

In *In re Berry*, 2021 Bankr. LEXIS 589, 2021 WL 2010777 (Bankr. W.D. Tenn. Mar. 9, 2021), the debtor sought sanctions against a creditor holding her HELOC loan for pulling her credit report. The court ruled that the debtor gave prior authorization to any holder of the HELOC loan to pull debtor's credit report under the FCRA by signing the HELOC agreement. *Id*. at *6. PTI and PTI20 have established that at the time of both Credit Pulls, PTI20 was the holder of Debtor's HELOC loan, and PTI was the manager of PTI 20.  PTI20's *in rem* right to its collateral under Plaintiff's HELOC loan is a collectable debt, and such debt establishes a legitimate business need for credit report access under the FCRA. As a result of their legitimate business need, PTI and PTI20 were authorized to access Plaintiff's credit report at the time of the Credit Pulls.

## CONCLUSION

Defendants had an objectively reasonable basis to access Plaintiff's credit reports in connection with the maintenance of Plaintiff's account because PTI20 held Plaintiff's HELOC loan, and PTI managed PTI20 and serviced Plaintiff's HELOC. The Credit Pulls, therefore, did not violate Plaintiff's discharge injunction. Accordingly, it is

**ORDERED** that summary judgment is **GRANTED** to PTI and PTI20 on Plaintiff's claim that PTI and PTI20 violated the discharge injunction by requesting his credit reports.

**IT IS FURTHER ORDERED** that Plaintiff, PTI, and PTI20 have thirty (30) days from the entry of this Order to submit a joint pre-trial order in accordance with Bankruptcy Local Rule 7016-2.

**[END OF DOCUMENT]**

**DISTRIBUTION LIST**

**Emmanuel O Ohai**
863 Flat Shoals Rd. SE
C #155
Conyers, GA 30094

**Daniel D. Bowen**
**Law Office of Daniel Bowen**
235 Peachtree Street, NE
Suite 400
Atlanta, GA 30303
404-880-3310

**Michael W. Lindsey dba**
**Jauregui & Lindsey, LLC**
**Registered Agent:**
**Larry Johnson**
138 Hammond Dr., Suite B
Atlanta, GA 30328

**FCI Lender Services, Inc.**
**Registered Agent: Cogency Global, Inc**
900 Old Roswell Lakes Parkway, Suite 310
Roswell, GA 30076

**Phillip L. Jauregui dba**
**Jauregui & Lindsey, LLC**
**Registered Agent:**
**Larry Johnson**
138 Hammond Dr., Suite B
Atlanta, GA 30328

**Larry W. Johnson**
138 Hammond Dr., Suite B
Atlanta, GA 30328